529 A.2d 20

**Ellis SMITH**

v.

**John McDOUGALL, Appellant,**

v.

**Marcel L. GROEN, Esquire and Groen, Goldberg & Rubenstone.**

Superior Court of Pennsylvania.

Argued April 30, 1987.

Filed Aug. 3, 1987.

Curtis P. Cheyney, III, Philadelphia, for Groen, appellees.

Before OLSZEWSKI, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order sustaining Appellees preliminary objections and dismissing Appellant's Complaint to Join.

Appellant is the defendant in an action brought by Ellis Smith which alleges that Appellant was negligent in his professional handling of a separate suit. Mr. Smith asserts that Appellant, who was acting as his trial counsel in the earlier matter, was responsible for the liability he suffered as a result of an adverse verdict. Thereafter, Appellant filed a Complaint to Join Appellees as additional defendants. The joinder complaint alleges that Mr. Smith received "active counsel" from Appellees during pendency of his earlier action and that Appellees provided Mr. Smith with negligent advice and representation which "was a proximate cause of any damages sustained by the plaintiff, thereby entitling

defendant McDougall to indemnity or rendering additional defendant Marcel L. Groen, Esquire solely liable to the plaintiff". Appellees subsequently filed Preliminary Objections in the nature of a demurrer to the Complaint to Join. In response, the court issued an order stamped "uncontested" and struck the Joinder Complaint. Prior to the filing of the instant timely appeal, a petition for reconsideration was also filed by Appellant offering an excuse and challenging the court's conclusion that the matter was uncontested. The court denied the petition. In the Opinion submitted to this court in support of its order granting Appellant's preliminary objections as uncontested and dismissing Appellant's complaint, the trial court offered the following reasons for its action:

John McDougall, defendant in the instant action, filed a complaint against additional defendants, Marcel L. Groen, Esquire, et al., on April 24, 1986. On June 25, 1986, said additional defendants filed preliminary objections to that complaint. On August 7, 1986, no answer to the aforesaid preliminary objections having been filed by the defendant, we granted additional defendants' preliminary objections as uncontested.

In *Dillon by Dillon v. Nat. R.R. Corp. (Amtrak)*, 345 Pa.Super. 126, 497 A.2d 1336 (1985) this court considered a case where a motion for summary judgment was noted to be uncontested. The *Dillon* court remarked that "although the motion for summary judgment was treated and uncontested, summary judgment was not automatically entered in favor of appellees". "The lower court properly reviewed the record before it to determine whether there was a genuine issue of material fact and whether appellees were entitled to judgment as a matter of law." *Id.*, 345 Pa.Superior Ct. at 134–135, 497 A.2d at 1340. The necessity of a trial court to consider the sufficiency of the cause of action alleged in a complaint before granting a party's preliminary objections and ordering a dismissal was noted in *Harley Davidson Motor Co. Inc. v. Hartman*, 296 Pa.Super. 37, 442 A.2d 284 (1982). Therein, the court concluded that a

close examination of the trial court's opinion, as well as the complaint and preliminary objections disclosed "that the trial court did not consider the sufficiency of the complaint but based its order solely on the failure of Appellant's counsel to file timely a responsive brief or memorandum of law". The court remarked that "this failure of the trial court to consider the sufficiency of the complaint before sustaining Appellee's preliminary objections and dismissing the complaint without leave to amend was an abuse of discretion." *Id.*, 296 Pa.Superior Ct. at 41, 442 A.2d at 286. The court then remanded the case to the trial court.

In the case before us there is no indication that the trial court considered the substance of the complaint. The court's decision to dismiss the complaint based solely on its uncontested status without considering whether it sufficiently set forth a cause of action, amounted to an abuse of discretion. For this reason, we find it necessary to remand this case to the trial court for an examination and determination of the sufficiency of Appellant's Joinder Complaint.[1]

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction is relinquished.

---

1. Because of our disposition, we do not consider Appellant's argument that the local Philadelphia rule in this area conflicts with the Pennsylvania Rules of Civil Procedure.