**SCHUYLKILL NAVY, a Pennsylvania Corp. and Edward Lucas and F.C. Graham and Michael Bowers and Joseph Sweeney and Thomas Dowd, Appellants,**

**v.**

**Joan Switt LANGBORD and George Antoniak, Individually and Trading as I. Switt, Appellees.**

Superior Court of Pennsylvania.

Argued Aug. 4, 1998.

Filed April 9, 1999.

Robert W. Suter, Doylestown, for appellants.

Jerome M. Brown, Philadelphia, for appellees. (submitted)

Before CAVANAUGH, KELLY, and LALLY–GREEN, JJ.

KELLY, J.:

¶ 1 Appellants, Schuylkill Navy, a Pennsylvania Corporation, Edward Lucas, F.C. Graham, Michael Bowers, Joseph Sweeney, and Thomas Dowd ("Appellants") have asked us to determine whether the trial court erred in sustaining Appellees' preliminary objections to Appellants' amended complaint and dismissing the complaint with prejudice. We hold that preliminary objections should not be sustained solely on the ground that the preliminary objections are uncontested or unopposed. We also hold that where a cause of action is subject to a judgment of *non pros*, a subsequent complaint on the same cause of action may not be filed without permission of the court pursuant to Pennsylvania Rules of Civil Procedure Rule 3051. Thus, even if their amended complaint adequately states a cause of action in replevin, Appellants are nevertheless precluded from pursuing their claim for the reasons set forth in this opinion. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history taken from the certified record in this case are as follows. Appellants, members of the Philadelphia Challenge Cup Committee, filed a complaint in replevin on June 19, 1997, to recover an item allegedly in Appellees' possession. The item is known within the Philadelphia rowing community as the Philadelphia Challenge Cup ("Cup"). Apparently, the Committee commissioned the Cup's design through Bailey, Banks & Biddle in 1920 and thereafter awarded it each year to the world champion rower. Although the Cup was awarded to amateur single sculling champions, the Cup itself remained in the actual possession of the Committee or one of its members; or it was stored from time to time with Bailey, Banks & Biddle. Although the Cup allegedly disappeared sometime in 1951, competition for the Cup continued until 1962. After the Cup's disappearance, the award was purely ceremonial in that the winner was given only a "handsomely framed picture of the Cup." (*See* Appellants' Amended Complaint, Exhibit "C" at 4.)

¶ 3 In June of 1996, according to Appellants, the missing Cup was discovered in Appellees' antique store, with a quoted price of twenty to thirty thousand ($20,000.00–$30,-

000.00) dollars. Appellants made a demand, through counsel, for the return of the Cup. Appellees refused to comply with the request, also asserting title to the Cup. Appellants filed a complaint in replevin on June 19, 1997 at No. 2346 June Term 1997 in the Philadelphia County Court of Common Pleas.

¶ 4 Appellees filed preliminary objections to this complaint on July 15, 1997. In their preliminary objections, Appellees first asserted that Appellants had previously filed an identical complaint in August of 1996, which was subject to a judgment of *non pros* in favor of Appellees in November, 1996. Appellees further averred that Appellants had filed the same complaint again in December of 1996, and, again, a judgment of *non pros* was entered in favor of Appellees on February 26, 1997. Thus, Appellees asserted Appellants should be precluded from bringing this third action for the same recovery. (*See* Preliminary Objections, filed and attested July 15, 1997, Paragraph No. 1.) Appellees also asserted preliminary objections in the nature of a demurrer and a motion for a more specific pleading. In their answer to these preliminary objections, Appellants **admitted** the facts averred in Paragraph No. 1 of Appellees' preliminary objections regarding the two prior complaints, as these facts were not denied specifically or by necessary implication.[1]

¶ 5 On August 12, 1997, Appellees filed their **attested** preliminary objections and supporting memorandum of law with Motions Court pursuant to the Philadelphia County rules governing the filing of preliminary objections.[2] The record shows that Appellants filed an answer to Appellees' preliminary objections with the prothonotary's office on August 22, 1997. However, Appellants failed to file their answer with supporting memorandum of law in a responsive motion package with Motions Court by the response due date

of September 12, 1997 set forth on the Motions Court cover sheet and required by Rule *206.1. On September 18, 1997 the trial court issued an order, docketed on September 24, 1997, **sustaining** Appellees' preliminary objections but granting Appellants leave to file an amended complaint within twenty days.[3]

¶ 6 On October 8, 1997, Appellants filed their amended complaint in replevin. Appellees filed preliminary objections to the amended complaint on October 27, 1997 in the form of a demurrer, a motion for a more specific pleading, and a motion to strike for lack of conformity to Pa.R.C.P. 1019(a). On November 13, 1997, Appellants filed an answer to the preliminary objections and a memorandum in support thereof with the prothonotary's office. On November 26, 1997, Appellees filed their **attested** preliminary objections and supporting memorandum of law with Motions Court pursuant to the local rules. Again, Appellants failed to file their answer with supporting memorandum of law in a responsive motion package with Motions Court by the response due date of December 26, 1997 set forth on the Motions Court cover sheet and required by Rule *206.1. As a result of Appellants' failure to follow the local filing rules, the trial court did not have the benefit of Appellants' answer and responsive memorandum when it ruled on Appellees' preliminary objections. Thus, on January 14, 1998, the trial court issued an order, docketed January 29, 1998, sustaining Appellees' preliminary objections, with prejudice, as "uncontested." Appellants timely filed their notice of appeal on February 11, 1998.

¶ 7 Appellants have raised the following issues for our review:

1. WAS THE TRIAL COURT'S FAILURE TO CONSIDER THE [APPELLANTS'] ANSWER TO

---

1. *See* Pa.R.C.P. 1029 [Denials. Effect of Failure to Deny.], and the Explanatory Comment–1994.

2. *See* Philadelphia County Civil Division Rules, Rules *206.1 and *1028, *infra. See also* Note to Pa.R.C.P. 1028 directing practitioner to "consult local rules which may contain supplementary procedures governing the filing and disposition of preliminary objections."

3. Pa.R.C.P. 1028 provides that preliminary objections to an original pleading are deemed moot if a party files an amended pleading **as of course** within twenty days after service of the preliminary objections. Pa.R.C.P. 1028(c)(1). Here, Appellants filed an amended complaint with leave of court following the court's disposition of Appellees' preliminary objections, which were sustained.

[APPELLEES'] PRELIMINARY OBJECTIONS TO THE AMENDED COMPLAINT AND ENTRY OF AN ORDER MARKED "UNCONTESTED" SUSTAINING SAID OBJECTIONS AND DISMISSING [APPELLANTS'] CLAIM WITH PREJUDICE AN ABUSE OF DISCRETION?

2. WAS THE TRIAL COURT IN ERROR AS A MATTER OF LAW WHEN IT ENTERED AN ORDER WHICH DISMISSED [APPELLANTS'] AMENDED COMPLAINT WITH PREJUDICE DESPITE THE AMENDED COMPLAINT'S LEGAL SUFFICIENCY TO OVERCOME A PRELIMINARY OBJECTION IN THE FORM OF A DEMURRER?

(Appellants' Brief at 3.)

¶ 8 Appellants first argue that the trial court erred when it failed to consider Appellants' answer with supporting memorandum of law to Appellees' preliminary objections to their amended complaint because Appellees' preliminary objections were properly contested. We disagree.

¶ 9 Following a careful review of the certified record, we note that Appellants' failure to follow the local rules regarding preliminary objections has caused significant confusion in this case. Rule *1028 of the Philadelphia County Civil Division Rules provides in pertinent part:

**Rule *1028** *Preliminary Objections*

(A) Preliminary objections shall be filed initially with the Prothonotary. Within thirty (30) days after such filing, a copy of the objections, attested by the Prothonotary, shall be filed with the Motion Court together with the other documents required by Philadelphia Civil Rule *206.1.

\* \* \*

(C)(2) An answer to preliminary objections shall be filed with the Prothonotary in accordance with Pa.R.C.P. 1026(a) **and thereafter with Motion Court** together with the other documents required by Philadelphia Civil Rule *206.1(D).

Philadelphia Civil Rule *1028 (emphasis added). Rule *206.1 of the county rules governs motion court procedure in pertinent part as follows:

**Rule *206.1** *Motion Procedure*

(A) *Applicability.* This rule governs the filing of all ... preliminary objections.... Additional procedures governing preliminary objections are set forth in Philadelphia Civil Rule *1028.

(B) *Filing requirements.* All ... preliminary objections shall be filed in the Motion Court....

\* \* \*

■ (D) *Response Requirements.* **Any party opposing the ... preliminary objections shall file the following documents with the Motion Court** no later than 4:30 p.m. on the date thirty (30) days after the date of filing:

(1) A completed cover sheet ... bearing the control number assigned to the moving filing;

(2) A proposed order;

(3) The answer to the motion or petition (if necessary);

(4) A memorandum of law; and

(5) A copy of the moving party's transmittal letter....

Philadelphia Civil Rule *206.1 (emphasis added). These Rules are read together and require all preliminary objections and any responses thereto to be filed with the Prothonotary's office **and** Motions Court. *Id.* If counsel chooses to accept a case and practice in a particular forum, then counsel must keep informed and master the local rules and procedures of that forum. *See Ttmar, Inc. v. Sulka,* 402 Pa.Super. 319, 586 A.2d 1372 (1991) *appeal denied,* 530 Pa. 656, 608 A.2d 31 (1991) (holding that counsel practicing in particular forum is duty bound to identify and know local rules of court). *See also Toczylowski v. General Bindery Co.,* 359 Pa.Super. 572, 519 A.2d 500 (1986) (holding that counsel is under obligation to keep abreast of publications to the bar and local rules of court).

■ ¶ 10 In the instant case, Appellants' answers to both sets of preliminary objections were filed with the Prothonotary's office and appear on the docket as so filed.

However, **nothing** on the docket or in the certified record indicates that Appellants ever followed the mandates of Rules *206.1 and *1028 by filing their response with Motions Court. Until Appellants filed their response to the preliminary objections with Motion Court, Motions Court personnel could not know that their response was available, and could not forward it to the appropriate judge for consideration. We note that the local rules, administrative regulations and filing requirements of the Philadelphia County Court System are widely publicized to the Bar through bound volumes, continuing education, court memoranda and lectures, and are available in the Motions Court filing office. Here, Appellants ignored critical filing procedures essential to proper motion court practice in Philadelphia County. Thus, Appellants did not ensure that their responses to Appellees' preliminary objections would be before the trial court for its consideration as Appellants simply did not follow the rules. Therefore, Appellants cannot now complain that the trial court erred when it failed to consider their responses to Appellees' preliminary objections. Accordingly, we agree with the trial court that Appellants' blunder is not excusable and does not constitute trial court error.

¶ 11 Next, Appellants argue that the trial court did not give due consideration to the merits of their amended complaint before dismissing it. Specifically, Appellants highlight the following statement found in the trial court's opinion:

> Also, [Appellants'] amended complaint failed to state a cause of action in replevin as it failed to allege that [Appellants'] had ownership in or title to the Philadelphia Challenge Cup, or importantly, [Appellees'] lack thereof. As a result, this Court was correct to enter the order dismissing [Appellants'] [amended] complaint.

(Trial Court Opinion, dated February 27, 1998, at 3.) Appellants object to the trial court's reasoning as merely a belated justification for its decision. Appellants claim that the trial court's order was marked "uncontested" and its true basis for dismissal was Appellants' alleged failure to contest the preliminary objections. Moreover, Appellants contend that their amended complaint established sufficient facts to put Appellees on notice as to the nature of Appellants' claim and was sufficient as a matter of law to overcome Appellees' preliminary objections. Thus, Appellants conclude, the trial court erred in sustaining Appellees' preliminary objections and dismissing Appellants' amended complaint with prejudice. We cannot agree.

¶ 12 When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. *Smith v. Weaver*, 445 Pa.Super. 461, 665 A.2d 1215 (1995). Under that standard, the court accepts as true all well-pled material facts set forth in the complaint along with all reasonably deducible inferences from those facts. *Turner v. Medical Center, Beaver, PA, Inc.*, 454 Pa.Super. 645, 686 A.2d 830 (1996), *appeal denied*, 548 Pa. 673, 698 A.2d 596 (1997). Essentially, our inquiry assesses the legal sufficiency of the complaint. *Guistra Development Co., Inc. v. Lee*, 428 Pa.Super. 394, 631 A.2d 199 (1993). Surmise and conjecture can play no part in the decision. *Smith, supra.* The court must be able to say with certainty that upon the facts averred, the law will not permit recovery. *Id.* Preliminary objections will be sustained only if they are clear and free of doubt. *Milliner v. Enck*, 709 A.2d 417 (Pa.Super.1998).

¶ 13 Also, Pennsylvania law requires the court to consider the sufficiency of the cause of action alleged in a complaint before granting a party's preliminary objections. *Smith v. McDougall*, 365 Pa.Super. 157, 529 A.2d 20 (1987). Failure of the trial court to consider the sufficiency of the complaint before sustaining preliminary objections and dismissing the case without leave to amend is an abuse of discretion. *Id.* (citing *Harley Davidson Motor Co., Inc. v. Hartman*, 296 Pa.Super. 37, 442 A.2d 284 (1982)). Accordingly, an order sustaining preliminary objections based solely on the failure of a party to file timely a responsive brief or memorandum of law, without considering whether the complaint sufficiently pled a cause of action, amounts to an abuse of discretion. *Smith, supra. See also Smith v.*

*Transportation Workers of America, AFL–CIO Local 234*, 116 Pa.Cmwlth. 143, 541 A.2d 420 (1988) (holding that court's decision to dismiss complaint solely on basis of uncontested status of preliminary objections was abuse of discretion and required remand to trial court for consideration of less severe sanction).

¶ 14 In the instant case, the trial court's opinion briefly reflects that it gave some consideration to the sufficiency of Appellants' amended complaint, albeit after it had already entered its order, marked "uncontested." Under ordinary circumstances, we might proceed to examine the propriety of the trial court's decision with respect to the sufficiency of Appellants' amended complaint. However, before we can reach the issue of whether Appellants' amended complaint stated a cause of action in replevin, we must address the procedural irregularities and jurisdictional implications suggested in this case.

¶ 15 Here, we have an admission of record by Appellants that they twice previously filed the same complaint in replevin and twice previously suffered a judgment of *non pros* pursuant to Pa.R.C.P. 218 [4] and entered in favor of Appellees, allegedly for Appellants' failure to appear at the call of the list for assignment for trial. We also have evidence of record that the trial court was aware of at least one of those previous judgments. In its opinion, dated February 27, 1998, the trial court refers to a prior complaint filed by Appellants during the December Term, 1996, seeking the same relief. Thus, we have suggestions in the record that Appellants filed serial complaints in replevin without regard to the prior *non pros* judgments.[5] Accordingly, Appellants' amended complaint, which underlies this appeal, should not have proceeded before the trial court unless or until, *inter alia*, Appellants filed a petition to strike and/or open the prior judgment of *non pros* **and** the trial court granted the motion. *See Gates v. Servicemaster Commercial Service*, 428 Pa.Super. 568, 631 A.2d 677 (1993); Pa.R.C.P. 3051. *See also Petrone v. Whirlwind, Inc.*, 444 Pa.Super. 477, 664 A.2d 172 (1995).

¶ 16 With respect to bringing another action following the entry of a judgment of *non pros*, the *Gates* Court stated:

> At first blush, it would appear that *Bucci* [*et al. v. Detroit Fire & Marine Ins. Co.*, 109 Pa.Super. 167, 167 A. 425 (1933)] stands for the proposition that, if a statute of limitations has not run, a plaintiff's cause of action being *non prossed* does not preclude a second suit upon the identical cause of action, provided that the costs in the prior lawsuit have been paid by the plaintiff.
>
> However, a close scrutiny of *Bucci* and its progeny discloses a caveat to filing a [subsequent] suit on the same cause of action for which a *non pros* has been entered, i.e., **one must still petition the court and satisfy the three-pronged test to open a judgment of *non pros* :** petition to open

---

**4.** Rule 218 of the Pennsylvania Rules of Civil Procedure, in pertinent part, provides:

**RULE 218. PARTY NOT READY WHEN CASE IS CALLED FOR TRIAL**

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of defendant or a *non pros* on the court's own motion.

    ❖    ❖    ❖

(c) A party who fails to appear at trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.C.P. 218. Moreover, the Note to Rule 218 explains that the mere failure to appear for trial is a ground for the entry of a nonsuit or a judgment of *non pros*. Further, the Note provides that a judgment of *non pros* is subject to the filing of a petition under Rule 3051 for relief from the judgment.

**5.** We remind Appellees' counsel that it would have been helpful to the disposition of this matter if counsel had attached copies of the relevant docket entries and other information concerning the prior related actions as an exhibit to the preliminary objections to make them part of the certified record in this case. Here, Appellees have included copies of the relevant docket entries in their supplemental reproduced record. However, we are not at liberty to consider these documents as they were not made part of the certified record on appeal. *See Doe v. Raezer*, 444 Pa.Super. 334, 664 A.2d 102 (1995), *appeal denied*, 544 Pa. 630, 675 A.2d 1248 (1996) (stating that reviewing court may consider only those documents properly incorporated within the certified record).

**970**

must be filed timely; a reasonable explanation for the delay must be given; and allegations constituting a meritorious cause of action need to be proffered....

> Whether the party requests that the original case be reinstated or requests permission to start the same cause of action under a new term and number is evidently not material. What is important is that [s/he] shall have cogent reasons for [his or her] inactivity, and that **the court shall determine whether permission to proceed will be forthcoming**. [Emphasis in original]

*Id.* 631 A.2d at 682 (emphasis added). Further, Rule 3051 of the Pennsylvania Rules of Civil Procedure states:

### RULE 3051. RELIEF FROM JUDGMENT *NON PROS*

(a) Relief from a judgment of *non pros* **shall** be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment the petition shall allege facts showing that

   (1) the petition is timely filed,

   (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

   (3) *there is a meritorious cause of action.*

Pa.R.C.P. 3051 (emphasis added). The new rule 3051, effective since July 1, 1995, and applicable to this case, establishes uniformity in the method and requirements for seeking relief from a judgment of *non pros.* Pa. R.C.P. 3051, Explanatory Comment.

¶ 17 In the instant case, we have a unique procedural posture in that Appellants have filed subsequent complaints on the same cause of action for which judgments of *non pros* had already been entered. Apparently, Appellants sought to proceed with their identical cause of action without first seeking the trial court's permission through a petition to strike and/or open the judgment. *See Gates, supra.* Permission to proceed with an action in light of the *non pros* judgments must be obtained from the trial court through a petition pursuant to Rule 3051. Further, the court's permission is a prerequisite to proceeding with a new cause of action. There is nothing of record to indicate that Appellants have complied with the applicable rules of procedure to reinstate their old case or file a new one for the same relief. *See id.* Therefore, on the record presented to this Court, we decline to address the sufficiency of Appellants' most recent amended complaint. Thus, we affirm the trial court's dismissal of Appellants' amended complaint, albeit on other grounds. *See McKenna v. Mooney,* 388 Pa.Super. 298, 565 A.2d 495 (1989) (stating that appellate court may affirm decision of trial court on basis other than that utilized by trial court if result is correct).

¶ 18 Order affirmed.

¶ 19 * Judge CAVANAUGH noted his dissent.