J-A11016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ALLEN FEINGOLD AND RUTH WALLACE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| STATE FARM MUTUAL INSURANCE CO., DAVID ROHDE, LAW OFFICES OF DAVID ROHDE, MARC RICKLES, JOSEPH HANKINS, AND BRITT, HANKINS & MOUGHAN | |
| Appellees | No. 1573 EDA 2015 |

Appeal from the Order Entered May 20, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02058 January Term, 2015

BEFORE: SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JUNE 24, 2016**

Appellants, Allen Feingold and Ruth Wallace, appeal from the May 20, 2015 order, sustaining the preliminary objections of Appellees, State Farm Mutual Insurance Company (State Farm), David Rohde, Law Offices of David Rohde, Marc Rickles, Joseph Hankins, and Britt, Hankins & Moughan, to Appellants' complaint and dismissing the complaint with prejudice. After careful review, we dismiss Wallace's appeal and affirm.

The trial court summarized the facts and procedural history of this case as follows.

---

[*] Former Justice specially assigned to the Superior Court.

In January, 2015, [Appellants] filed a civil action complaint with the Philadelphia Court of Common Pleas. The complaint is in an utter state of disarray, often intertwining facts from two separate and distinct matters: the third party liability claim stemming from a May 9, 2002 automobile accident, and the UIM claim.[1] Upon a careful reading of [Appellants'] complaint, [the trial] court [] ascertained the substantive causes of action pled pertain to the UIM lawsuit. At no time did Allen Feingold represent Ruth Wallace in her UIM lawsuit. Mr. Feingold has never had any interest in Ruth Wallace's UIM lawsuit. Mr. Feingold was disbarred from the practice of law in [August] 2008 prior to the filing of Ms. Wallace's UIM lawsuit.[1]

_____

[1] Rule 217(j)(4)(iii) of the Pennsylvania Rules of Disciplinary Enforcement provides that a formerly admitted attorney, such as Feingold, is "specifically prohibited" from "performing any law-related services for any client who in the past was represented by the formerly admitted attorney." Pa.R.D.E. 217(j)(4)(iii). Since his disbarment, Feingold has filed numerous lawsuits related to personal injury cases he was involved in as the plaintiffs' attorney. In all of these post-disbarment cases, Feingold named himself as a plaintiff and proceeded *pro se*, in an obvious attempt to circumvent our Supreme Court's directive that he shall no longer practice law. All have been dismissed following preliminary objections. In some of these cases, like the present case, Feingold has named a former client as an additional plaintiff and filed joint *pro se* filings on their behalf. **See Feingold v. Partenheimer**, 4 A.3d 694 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 828 (Pa. 2010); **McCuen v. McNulty**, 6 A.3d 548 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 16 A.3d 504 (Pa. 2011); **Feingold v. Puntri**, 4 A.3d 678 (Pa. Super 2010) (unpublished memorandum), *appeal denied*, 13 A.3d 479 (Pa. 2010); **Smietana v. State Farm**, 4 A.3d 207 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 829 (Pa. 2010); **Feingold v. Whole Foods Market, Inc.**, 959 A.2d 977 (Pa. Super. 2008) (unpublished memorandum), *petition for leave to file appeal nunc pro tunc denied*, 958 A.2d 1043 (Pa. 2008); **Smith v. Travelers Ins. Co.**, 959 A.2d 982 (Pa. Super. 2008) (unpublished memorandum). In other cases, Feingold was the sole plaintiff. **See Feingold v. Vasiliadis**, --- A.3d ---, 2016 WL 2636226 (Pa. Super. 2016) (unpublished memorandum); **Feingold v. Brody**, --- A.3d ---, 2016 WL 71308 (Pa. Super. 2016) (unpublished memorandum); **Feingold v.**
*(Footnote Continued Next Page)*

[Appellants] filed suit against [Appellees], David Rhode [sic], The Law Offices of David Rhode [sic] (hereinafter "[Rohde Appellees]"), Marc Rickles, Joseph Hankins, the Law Firm of Britt, Hankins & Moughan (hereinafter "Hankins [Appellees]") and State Farm []. The [Rohde Appellees] represented [Appellant] in [a] third-party liability lawsuit filed by Wallace. The Hankins [Appellees] represented State Farm in Wallace's UIM lawsuit. [Appellee], Rickles, served as the neutral arbitrator in the UIM matter. [Appellants'] complaint alleges several causes of action: bad faith against [] State Farm, breach of contract against [] State Farm, an unnamed claim against all [Appellees], abuse of process against all [Appellees], negligent misrepresentation against all [Appellees] and fraud against all [Appellees].

[Appellees] each filed preliminary objections to the complaint. On March 19, 2015, [Appellants] filed preliminary objections to [Appellees'] preliminary objections to the complaint. [Appellants] submitted only one set of preliminary objections in response to the preliminary objections submitted by each [Appellee]. On April 21, 2015, [the trial] court entered an order overruling [Appellants'] preliminary objections to [Appellees'] preliminary objections to the complaint, and ordered that a response to the preliminary objections of each [Appellee] be filed individually by each [Appellant] within twenty (20) days of the docketing of the order. The order was docketed on April 22, 2015 and sent to all parties on

_(Footnote Continued)_ _____

**Progressive N. Ins.**, 118 A.3d 458 (Pa. Super. 2015) (unpublished memorandum); **Feingold v. Hendrzak**, 15 A.3d 937 (Pa. Super. 2011); **Feingold v. McNulty**, 15 A.3d 534 (Pa. Super. 2010) (unpublished memorandum), _appeal denied_, 23 A.3d 1056 (Pa. 2011). In **Hendrzak**, a panel of this court _sua sponte_ imposed an award of attorney's fees against Feingold for his "repeated abuse of the court system to harass defendants and opposing counsel with lawsuits that contain nothing more than unfounded allegations." **Hendrzak**, **supra** at 943. We disapprove of Feingold's continued disregard for the courts and the legal profession.

April 23, 2015 pursuant to Pa.R.C.P. 236(b). [Appellants] failed to file a response to any of the preliminary objections filed by [Appellees]. On May 20, 2015, [the trial] court entered an order sustaining all preliminary objections and dismissing the case with prejudice.

---

[1] Wallace v. Feeney, Phila. Ct. Common Pleas, April Term, 2004 No. 5371 (third-party liability lawsuit) and Wallace v. State Farm Insurance Co., Phila. Ct. Common Pleas, September Term, 2008, No. 1840 (UIM lawsuit).

Trial Court Opinion, 8/12/15, at 2-3 (citation and capitalization omitted). On May 22, 2015, Appellants filed a timely notice of appeal.[2]

On appeal, Feingold presents the following issues for our review.

1. Whether the trial judge erred in refusing to recuse himself from deliberation over this case?

2. Whether the trial court erred in failing to sustain [Appellants'] preliminary objections to the preliminary objections of [Appellees], and in granting the [Appellees'] objections, where [Appellees'] objections contained improper verifications, scandalous and impertinent matter, and improperly relied upon affirmative defenses?

3. Whether the trial court erred in granting [Appellees'] preliminary objections?

Feingold's Brief at 3.

---

[2] The trial court did not direct Appellants to comply with Pennsylvania Rule of Appellate Procedure 1925. On August 12, 2015, the trial court issued its Rule 1925(a) opinion.

Initially, we note that Wallace signed the notice of appeal, but she did not file a brief in this appeal. She did not sign the brief that Feingold submitted, even though her name appears below his under the signature line containing only Feingold's signature. State Farm and Rohde Appellees note that Wallace did not pay the costs of an appeal, submit an *in forma pauperis* petition, or prepare a brief, so she is not a proper appellant. State Farm's Brief at 6; Rohde's Brief at 6. We agree that Wallace's failure to file a brief results in the waiver of any issues she seeks to raise on appeal and her appeal is dismissed. ***See generally*** Pa.R.A.P. 2188.

In his first issue, Feingold contends the Honorable Arnold New, the trial judge, should have recused himself from this case as his August 12, 2015 opinion indicates that he was incapable of impartially deciding the case. Feingold's Brief at 10. Further, Feingold asserts, "Judge New has circulated a secret directive to all staff of the prothonotary's office forbidding them from accepting filings from Feingold without Judge New's prior approval." ***Id.*** at 11. Feingold concludes that "[t]he recusal motion should have been granted and Judge New should have disqualified himself from any participation in the appellant's litigation." ***Id.***

Our review of the certified record discloses that Appellants did not present a recusal motion to Judge New. "A party seeking recusal or disqualification [is required] to raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." ***In***

- 5 -

*re Lokuta*, 11 A.3d 427, 437 (Pa. 2011) (emphasis added), *quoting Goodheart v. Casey*, 565 A.2d 757, 763 (Pa. 1989). Once a party has waived the issue, that party "cannot be heard to complain following an unfavorable result." *Commonwealth v. Stanton*, 440 A.2d 585, 588 n.6 (Pa. Super. 1982) (citations omitted).

Accordingly, as Appellants did not request that Judge New recuse himself at any time during the trial court proceedings, Feingold cannot seek recusal for the first time on appeal. *See Crawford v. Crawford*, 633 A.2d 155, 160 (explaining that "[f]ailure to request recusal before the trial judge has ruled on the substantive matter … precludes the right to have a judge disqualified. Judicial bias may not be raised for the first time during post-trial proceedings[]") (citations omitted).

In his second and third issues, Feingold contends that the trial court erred in overruling their preliminary objections to Appellees' preliminary objections and in sustaining Appellees' preliminary objections.[3] We apply the following standard of review to a trial court's ruling on preliminary objections.

---

[3] We note that the order overruling Appellants' preliminary objections was an interlocutory order. However, the May 20, 2015 order sustaining Appellees' preliminary objections and dismissing the complaint with prejudice was a final order, rendering final the order overruling Appellants' preliminary objections. *See Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 54 (Pa. 2012) (noting "an appeal of a final order subsumes challenges to previous interlocutory decisions").

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Perelman v. Perelman***, 125 A.3d 1259, 1263 (Pa. Super. 2015) (citations and internal quotation marks omitted).

After reviewing the certified record, the parties' briefs, and the relevant law, we conclude that the opinion of the Honorable Arnold New thoroughly and correctly addresses and disposes of Feingold's issues and supporting arguments and contains no abuse of discretion or errors of law. Specifically, Appellants' preliminary objections were meritless because each of the Appellees' verified their preliminary objections. ***See*** Preliminary Objections of Rickles, 2/5/15, at 25; Rohde Appellees' Brief in Support of Preliminary Objections, 3/11/15, at 15; Hankins Appellees' Praecipe to Substitute Verification, 3/19/15, at 1; Response of State Farm to Appellants'

Preliminary Objections, 4/9/15, at Exhibit B, Verification. Further, we agree with the trial court that Feingold did not have standing in this lawsuit because he was not a party to the underlying UIM case or a party to the State Farm policy. Trial Court Opinion, 8/12/15, at 4. Moreover, the trial court properly sustained the Appellees' demurrers as to each count of the complaint because it contained only legally conclusory averments and was lacking facts to support those allegations. *Id.* at 5-8.

Accordingly, we adopt the trial court's opinion, filed on August 12, 2015, as our own and hold, based upon its reasoning, that the trial court did not err in its legal conclusions nor commit an abuse of discretion in overruling Appellants' preliminary objections and sustaining those of Appellees. The parties shall attach a copy of the trial court's August 12, 2015 opinion to this memorandum in the event of future proceedings.

Appeal of Wallace dismissed. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016

- 8 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

ALLEN FEINGOLD
and
RUTH WALLACE,

               Plaintiffs,

               v.

STATE FARM MUTUAL INSURANCE
CO., DAVID RHODE, LAW OFFICES
OF DAVID RHODE, MARC RICKLES,
JOSEPH HANKINS and BRITT, and
HANKINS & MOUGHAN,

               Defendants.

JANUARY TERM, 2015
NO. 2058

OPINION

NEW, J.

August 12, 2015

For the reasons set forth below, the Court respectfully requests its Order of May 20, 2015

sustaining Defendants' Preliminary Objections be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

In January, 2015, Plaintiffs, Allen Feingold and Ruth Wallace (hereinafter "Plaintiff"

"Feingold" or "Wallace") filed a Civil Action Complaint with the Philadelphia Court of

Common Pleas. The Complaint is in an utter state of disarray, often intertwining facts from two

separate and distinct matters: the third party liability claim stemming from a May 9, 2002

automobile accident, and the UIM claim[1]. Upon a careful reading of Plaintiffs' Complaint, this

Court has ascertained the substantive causes of action pled pertain to the UIM lawsuit. At no

time did Allen Feingold represent Ruth Wallace in her UIM lawsuit. Mr. Feingold has never had

---

[1] Wallace v. Feeney, Phila. Ct. Common Pleas, April Term, 2004 No. 5371 (third-party liability lawsuit) and
Wallace v. State Farm Insurance Co., Phila. Ct. Common Pleas, September Term, 2008, No. 1840 (UIM lawsuit).

Wallace Etal Vs State Farm Mutual Automobile-OPFLD

A-3

SENT PURSUANT TO Pa.R.C.P. 236(b)  08/12/2015

15010205800073

any interest in Ruth Wallace's UIM lawsuit. Mr. Feingold was disbarred from the practice of law in September, 2008 prior to the filing of Ms. Wallace's UIM lawsuit.

Plaintiffs filed suit against Defendants, David Rhode, The Law Offices of David Rhode (hereinafter "Rhode Defendants"), Marc Rickles, Joseph Hankins, the Law Firm of Britt. Hankins & Moughan (hereinafter "Hankins Defendants") and State Farm Mutual Automobile Insurance Company. The Rhode Defendants represented the defendant in the third-party liability lawsuit filed by Wallace. The Hankins Defendants represented State Farm in Wallace's UIM lawsuit. Defendant, Rickles, served as the neutral arbitrator in the UIM matter. Plaintiffs' Complaint alleges several causes of action: Bad Faith against Defendant, State Farm, Breach of Contract against Defendant, State Farm, an unnamed claim against all Defendants. Abuse of Process against all Defendants, Negligent Misrepresentation against all Defendants and Fraud against all Defendants. See generally, Plaintiffs' Complaint.

Defendants each filed Preliminary Objections to the Complaint. On March 19, 2015, Plaintiffs filed Preliminary Objections to Defendants' Preliminary Objections to the Complaint. Plaintiffs submitted only one set of Preliminary Objections in response to the Preliminary Objections submitted by each Defendant. On April 21, 2015, this Court entered an Order overruling Plaintiffs' Preliminary Objections to Defendants' Preliminary Objections to the Complaint, and ordered that a response to the Preliminary Objections of each Defendant be filed individually by each Plaintiff within twenty (20) days of the docketing of the Order. The Order was docketed on April 22, 2015 and sent to all parties on April 23, 2015 pursuant to Pa.R.C.P. 236(b). Plaintiffs failed to file a response to any of the Preliminary Objections filed by

A-4

Defendants. On May 20, 2015, this Court entered an Order sustaining all Preliminary Objections and dismissing the case with prejudice. This appeal followed.

## ANALYSIS

Pennsylvania Rule of Civil Procedure 1028(a) permits the filing of Preliminary Objections limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
(3) insufficient specificity in a pleading;
(4) legal insufficiency of a pleading (demurrer);
(5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;
(6) pendency of a prior action or agreement for alternative dispute resolution;
(7) failure to exercise or exhaust a statutory remedy, and
(8) full complete and adequate non-statutory remedy at law.

Pa.R.C.P. 1028(a).

Pennsylvania law requires the court to consider the sufficiency of the cause of action alleged in a complaint before granting a party's preliminary objections. Schuylkill Navy v. Langbord, 728 A.2d 964, 968 (Pa. Super. 1999) quoting Smith v. McDougall, 365 Pa. Super. 157 (1987). An order sustaining preliminary objections based solely on the failure of a party to file a timely responsive brief or memorandum of law, without considering whether the complaint sufficiently pled a cause of action, amounts to an abuse of discretion. Id. citing Smith (citation omitted). In the instant matter, when presented with the Preliminary Objections filed by Defendants, this Court applied the appropriate standard of review and accepted as true all well-

A-5

pled material facts set forth in the Complaint, as well as all inferences reasonably deduced from those facts. National Recovery Systems v. Frebraro, 430 A.2d 686 (Pa. Super. 1981).

Pursuant to Pa. R.C.P. 1028(a)(5) Defendants objected to Plaintiffs' Complaint arguing Feingold does not have standing to sue. "A party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action." Nye v. Erie Insurance Exchange, 470 A.2d 98, 100 (Pa. 1983), citing William Penn Parking Garage, Inc. v. City of Pittsburgh, 346 A.2d 269 (Pa. 1975). "As a general matter, the core of the concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no right to obtain a judicial resolution of his challenge." Pennsylvania Game Commission v. Department of Environmental Resources, 555 A.2d 812, 814 (Pa. 1989). As previously noted, Plaintiffs' claims against Defendants included bad faith against Defendant, State Farm, breach of contract against Defendant, State Farm, an unnamed claim against all Defendants, abuse of process against all Defendants, negligent misrepresentation against all Defendants and fraud against all Defendants. All allegations stem from the handling of Wallace's UIM matter. There are no allegations within the Complaint that Feingold was a party to the UIM litigation, or an insured under the State Farm policy. See generally, Plaintiff's Complaint. Feingold cannot sustain any cause of action pled in the Complaint because he cannot establish standing. Throughout the Complaint, allegations of harm to "plaintiff and their counsel" are made. See generally, Plaintiff's Complaint. Even if this Court were to assume that causes of action were pled against Defendants in Feingold's capacity

A- 6

as Wallace's attorney[2], Feingold would still lack standing to sue for allegations of harm arising from Wallace's UIM claim[3].

As to the substantive allegations made in Plaintiffs' Complaint, the Complaint is full of outlandish conspiracies of schemes supposedly concocted by State Farm, and advanced with the help of the Defendants named in this litigation, to deprive injured claimants of monetary awards rightfully owed to them. See generally, Complaint ¶¶ 1- 70. As this supposed scheme relates to Plaintiffs, allegations of breach of contract and bad faith on the part of Defendant, State Farm cannot be sustained. The allegations of bad faith in Plaintiffs' Complaint merely states that State Farm did not make a good faith effort to resolve or pay the UIM claim. There are no material facts pled as to how State Farm acted in bad faith. Similarly, the breach of contract claim against State Farm alleges that State Farm's "failure to pay full benefits to Plaintiff, even in the face of their undisputed obligation to do so, is a breach of contract..." Plaintiffs' Complaint at ¶79. (emphasis added). The allegations are boilerplate averments without any factual support.

Count III of Plaintiffs' Complaint is an unidentified cause of action against all Defendants. Count III alleges that Plaintiffs were forced to incur needless litigation costs and put forth litigation effort. It is also alleged that Plaintiff sustained a loss of business income.

---

[2] This is not the case as Mr. Feingold was disbarred at the time of Ms. Wallace's UIM litigation.
[3] Although there is a signature for Ruth Wallace on the Appeal, this Court has serious concerns that Ms. Wallace is an active pro se litigant in this matter, or if Allen Feingold is acting on her behalf. The address and phone number for Ms. Wallace provided on the Appeal is P.O. Box 60171, Philadelphia, PA 19102, (215) 564-3500, which is the same contact information provided for Allen Feingold on this Appeal and throughout the underlying matter. The contact information provided by Ms. Wallace and Mr. Feingold on this Appeal is the same contact information that Mr. Feingold has consistently provided to the Court in the past on behalf of his law practice. The Court notes that Ms. Wallace's address provided in the Complaint is 2722 Woodsview Drive, Bensalem, PA 19020. A review of court dockets reveals that Ms. Wallace has consistently used the Bensalem address as a litigant in the past.

A-7

Plaintiffs' Complaint at ¶¶ 81-85. There is no legal basis stated for the allegations made in Count III of the Complaint that could warrant the possibility of relief to Plaintiffs.

Plaintiffs' cannot maintain a cause of action for negligent misrepresentation as pled in Count IV of the Complaint. A cause of action for negligent misrepresentation requires the following elements: (1) misrepresentation of a material fact; (2) made under circumstances in which the party ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation. Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 277 (2005) (citation omitted). Plaintiffs' Complaint merely states that, "the aforementioned representations of the defendants were made negligently and with reckless disregard for the false and inaccurate nature of the representations." Plaintiffs' Complaint at ¶87. The Plaintiff failed to allege any facts whatsoever to support their claim for negligent misrepresentation, just baldly stating, "[d]efendants made their communications intending that the Plaintiff and their counsel rely upon the accuracy of such communications and they did so rely, to their great detriment." Id. at ¶ 89. Count IV of the Complaint is void of any factual averments of these supposed communications, and offers no factual support of the boilerplate statements made.

Next is Count V of Plaintiffs' Complaint for abuse of process. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. Lerner v. Lerner, 954 A.2d 1229 (Pa. Super. 2008) citing Shiner v. Moriarty, 706 A.2d 1228 (Pa. Super 1998). Again, Plaintiffs failed to plead facts to support allegations of abuse of process. Plaintiffs merely state, "the pleadings and motions filed

A-8

by the defendants in the Plaintiff's tort litigation were frivolous, fraudulent and without merit." ¶92 of Plaintiffs' Complaint. Plaintiffs continue on stating, "the pleadings and motions filed by the defendants in the Plaintiff's tort litigation were not filed for any aim within the lawsuit scope of such process, but rather to harass and vex the Plaintiff and their counsel by forcing them to needlessly expend precious financial resources responding to such process." Id. at ¶93. Plaintiffs simply reiterate the elements of a claim for abuse of process without actually pleading sufficient facts in support thereof. There is no identification of what motions and pleading the Plaintiffs are referencing and how these documents were used to accomplish anything they were not designed for. Plaintiffs assert the Defendants hoped to extort the dismissal and compromise of Plaintiff's litigation, without so much as an inkling of factual support. Id. at ¶94.

Finally, Plaintiffs' final cause of action pled is fraud. Pa.R.C.P. 1019(b) requires averments of fraud to be averred with specificity. The elements of fraud, or intentional misrepresentation, are (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Presbyterian Medical Center v. Budd, 832 A.2d 1066 (Pa. Super. 2003) citing Gibbs v. Ernst. 538 Pa. 193, 207 (1994). The essence of fraud is a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it, to the damage of its victim. Id. at 1071 citing Martin v. Hale Products, Inc., 699 A.2d 1283 (Pa. Super. 1997). Once again, Plaintiffs vaguely reference, "representations of defendants as set forth above were uttered with full knowledge of their falsity and with the intent that the plaintiff and their counsel rely

A - 9

thereon." Plaintiffs' Complaint at ¶97. There is not one specific fact pled by the Plaintiffs alleging fraud on the part of any Defendant. Plaintiffs cannot sustain a cause of action for fraud when they have failed to identify any action intentionally taken by any Defendant.

Plaintiffs have not pled a single plausible cause of action that could possibly permit recovery under the law. The Complaint is one paragraph after the next of factually unsupported accusations against Defendants. It is often impossible to discern whether the Plaintiff alleging harm is Allen Feingold or Ruth Wallace, and against which Defendant the allegation is being made. The Complaint is frivolous and entirely unsupported.

**WHEREFORE** the above stated reasons, this Court respectfully requests its Order of May 20, 2015 be affirmed.

BY THE COURT:

ARNOLD L. NEW, J.

A-10