J-A26032-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| IN RE: ESTATE OF VINCENZA JANE BACCO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: GABE BACCO | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 417 WDA 2019 |

Appeal from the Order Entered March 4, 2019
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): 02-017-5116

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                          FILED JANUARY 7, 2020

Appellant, Gabe Bacco, appeals from the order entered on March 4, 2019, in the Orphans Court Division of the Court of Common Pleas of Allegheny County that sustained preliminary objections filed by Vincenza Bacco's Estate ("Bacco Estate").  We affirm.

The facts and procedural history of this case are as follows.  Vincenza Bacco ("Decedent") died on August 27, 2017, at the age of 93.  Prior to her death, on April 30, 2015, she executed her last will and testament ("2015 will") in which she named her daughter, Diane Heakins, a beneficiary and the executrix of her estate and "specifically omitted" Appellant, her son, "for reasons known between [Appellant] and [Decedent]."  Decedent's 2015 will, 4/30/15, at ¶ 5.  Previously, Decedent executed two other wills, one dated

May 21, 2014 ("2014 will") and another on January 3, 2002 ("2002 will").[1] Decedent's 2014 will, 5/21/14, at 1-3; Decedent's 2002 will, 1/3/02, at 1-16. Decedent's 2014 will also specifically omitted Appellant, but her 2002 will named Appellant as a beneficiary. Id.

On September 1, 2017, Decedent's 2015 will was admitted to probate by the Allegheny County Register of Wills and letters testamentary were granted to Heakins as executrix. On August 23, 2018, Appellant appealed the Register's decree and filed a petition to set aside Decedent's 2015 will. Thereafter, on October 18, 2018, Bacco's Estate filed preliminary objections to Appellant's petition, arguing that Appellant lacked standing to seek the requested relief.[2] Appellant filed an amended petition on November 15, 2018, asserting that he had standing to contest Decedent's 2015 will because Decedent named him as a beneficiary in her 2002 will. Appellant's Amended Petition, 11/15/18, at ¶ 3. Subsequently, on December 6, 2018, Bacco's Estate filed preliminary objections to Appellant's amended petition, again asserting that Appellant lacked standing to contest Decedent's 2015 will.

_____

[1] According to the Bacco Estate's preliminary objections, Decedent executed multiple testamentary documents. Bacco Estate's Preliminary Objections, 12/6/18, at ¶ 14. The aforementioned documents referenced by the estate in its moving papers were not made a part of the certified record. As such, we may not consider them for purposes of appeal. See Schuylkill Navy v. Langbord, 728 A.2d 964, 969 n.5 (Pa. Super. 1999).

[2] Heakins also filed preliminary objections in the nature of a demurrer and alleged that Appellant's petition lacked specificity. The Orphans Court, however, dismissed Appellant's petition pursuant to Bacco Estate's standing objection.

On January 18, 2019, the Orphans Court convened a hearing on the preliminary objections filed by Bacco's Estate. N.T. Hearing, 1/18/19, at 2-45. The Orphans Court summarized the testimony as follows:

> At the hearing on January 18, 2019, Attorney Craig O'Connor testified that he prepared the [2015 will] executed by the Decedent on April 30, 2015, which was admitted to probate. The Decedent contacted him in March 2015 indicating that she wanted to prepare a new [will] excluding her daughter, Carol [Bacco-Stewart,] from inheriting any portion of her estate. He met with the Decedent and the [n]otary and witnessed the execution of the [2015 will]. Attorney O'Connor [also] identified the Decedent's [will] dated May 21, 2014, which he also drafted. This [2014 will] specifically, in paragraph 4D, excluded [Appellant] from inheriting "for reasons known to [Appellant] and [Decedent]." Prior to preparing the [2014 will], Attorney O'Connor spoke with Decedent on the telephone and Decedent told him that she and her [h]usband, who was living at that time, wanted to remove their son, [Appellant], as power of attorney and executor of their wills. Attorney O'Connor prepared [the 2014 will], which included [Appellant] in the residuary clause, but removed him as executor. When the Decedent arrived to execute the document she indicated that they wanted [Appellant] removed completely from their [wills]. At the instructions of the Decedent and her husband, Attorney O'Connor struck certain words in Paragraph 4 and added [the] final sentence [specifically omitting Appellant].

Orphans Court Opinion, 4/29/19, at 2 (internal citations and quotations omitted). Heakins also testified at the hearing. N.T. Hearing, 1/18/19, at 22-39. Appellant, however, simply asserted that the issue of Appellant's standing was "pre-mature" because it "raise[d] an issue of fact" requiring discovery. Id. at 5 and 41.

On February 5, 2019, the Orphans Court issued an order authorizing discovery for 60 days. Orphans Court Order, 2/5/19, at 1. On February 14,

2019, Bacco's Estate filed a motion for reconsideration requesting that the court vacate its February 5, 2019 order. Bacco Estate Motion for Reconsideration, 2/14/18, at 1-5. The Orphans Court entered an order on February 15, 2019, granting Bacco Estate's motion for reconsideration and vacating its February 5, 2019 order. Orphans Court Order, 2/15/19, at 1. On March 1, 2019, the Orphans Court sustained Bacco Estate's preliminary objections. Orphans Court Order, 3/1/19, at 1. This timely appeal followed.[3]

Appellant raises the following issue on appeal:

[Whether the Orphans Court erred by sustaining Bacco Estate's preliminary objections and concluding that Appellant lacked standing to contest Decedent's 2015 will?]

See generally Appellant's Brief at 4.

We note:

In determining whether the Orphans' Court properly [sustained] the [d]efendants' preliminary objections, we review the ruling for an error of law or abuse of discretion. On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts. Preliminary objections seeking the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief; if any doubt exists, it should be resolved in favor of overruling the objections.

_____

[3] Appellant filed a notice of appeal on March 19, 2019. On March 26, 2019, the Orphans Court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The Orphans Court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 29, 2019.

Rellick-Smith v. Rellick, 147 A.3d 897, 901 (Pa. Super. 2016) (internal citations and quotation marks omitted).

In this case, Appellant challenged the validity of Decedent's 2015 will, claiming that Decedent lacked testamentary capacity and was of unsound mind, that her "physical and mental condition were greatly impaired by old age, illness, and infirmity," and that the 2015 will was "obtained by and through the exercise of undue influence." Appellant's Amended Petition, 11/15/18, at 3. To establish his standing to mount his challenge, Appellant cites his status as a beneficiary under Decedent's 2002 will. Id. Upon review, we conclude that Appellant "failed to [allege] the essential facts to support his claim" that he has standing to challenge Decedent's 2015 will.[4] 412 N. Front St. Assocs., LP v. Spector Gadon & Rosen, P.C., 151 A.3d 646, 656 (Pa. Super. 2016).

"As a general rule, a party must have standing to contest probate of a decedent's will." In re Estate of Luongo, 823 A.2d 942, 953 (Pa. Super. 2003). The Probate, Estate, and Fiduciaries Code provides that:

_____

[4] Herein, Appellant claims that the Orphans Court failed to follow "proper procedure" in its adjudication of Bacco Estate's preliminary objections. Appellant's Brief at 11. Specifically, Appellant argues that, because the court "did not allow [him] a reasonable period of time to conduct discovery" it "denied [Appellant] a full and fair opportunity to contest [Bacco Estate's] preliminary objection to [Appellant's] standing." Id. We conclude, however, that because Appellant failed to establish that he has standing to challenge Decedent's 2015 will, we need not address whether the Orphans Court failed to follow proper procedure in its adjudication of Bacco Estate's preliminary objections.

> Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months.

20 Pa.C.S. § 908(a). In other words, "[a] contestant to the validity of a will does not have standing to do so unless he can prove he would be entitled to participate in the decedent's estate if the will before the court is ruled invalid." Luongo, 823 A.2d at 954, citing In re Ash's Estate, 41 A.2d 620 (Pa. 1945). Thus, "a will contestant's standing to appeal from a decree of probate turns delicately on the specific facts and circumstances of the matter at hand." Luongo, 823 A.2d at 955.

In this case, we hold that Appellant failed to allege essential facts necessary to support his claim that he has standing to contest Decedent's will. Herein, Appellant's amended petition only challenged the validity of Decedent's 2015 will. Appellant does not assert - in any pleading - that Decedent's 2014 will is also invalid.[5] See Appellant's Amended Petition,

_____

[5] We note that at the January 18, 2019 proceeding, Appellant's counsel stated the following:

> Your Honor, with all due respect to [opposing counsel], I don't need to see it. We have two wills, and we allege that the Decedent was not competent to execute either will.

> * * *

- 6 -

11/15/18, at ¶ 11. This omission is fatal to his claim. Indeed, in a case involving the revival of a twice removed will, a challenger must assert that each prior will is invalid because, pursuant to the doctrine of relative revocation, the next proceeding will is automatically reinstated. See In re Estate of Sidlow, 543 A.2d 1143, 1145 (Pa. Super. 1988) (noting that, "absent a specific revocation, the doctrine of relative revocation revives an earlier will [that] has been impliedly revoked by a subsequent will that is later declared invalid"). Accordingly, even if we assume that Decedent's 2015 will is invalid, this simply results in the revival of Decedent's 2014 will, which also specifically omits Appellant. See Decedent's 2014 will, 5/21/14, at ¶ 4. Therefore, because Appellant failed to contest the validity of Decedent's 2014 in any pleading, he cannot "prove [that] he would be entitled to participate in the [D]ecedent's estate if the [2015 will] is ruled invalid." Luongo, 823 A.2d at 954; see also In re Frazier's Estate, 75 Pa. D. & C. 577, 587 (Ct. Com. Pleas. Philadelphia County 1951) (explaining that the challengers "overlook[ed] the fact" that the invalidation of "the will and codicils [currently]

_____

We have a valid will that would take the place of the wills that we [are] looking to invalidate. Under the preliminary objection as to standing, it raises a question of fact.

N.T. Hearing, 1/18/19, at 41; see also Appellant's Brief at 14. Notwithstanding his apparent awareness of the need to challenge the validity of Decedent's 2014 will to resurrect the 2002 will under which Appellant is named a beneficiary, counsel neglected to include this critical allegation in any pleading filed before the Orphan's Court.

before the court" resulted in the automatic reinstatement of "the next preceding will" and their failure to make "any allegation" as to the validity of "each succeeding prior will" was "a fatal defect in [the] contestants' case"). We, therefore, conclude that Appellant lacks standing to contest Decedent's 2015 will and discern no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/2020