J-A12032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEBEH KAWAH,<br><br>        Appellant<br><br>        v.<br><br>PHH MORTGAGE CORPORATION, F/K/A CENDANT MORTGAGE D/B/A PHH MORTGAGE SERVICES, FEDERAL NATIONAL MORTGAGE ASSOCIATION, D/B/A/ FANNIE MAE,<br><br>        Appellees | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br>No. 2096 EDA 2015 |

Appeal from the Order Entered June 5, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term 2013, No. 01923

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 08, 2016**

Appellant Jebeh Kawah appeals *pro se* from the June 5, 2015, Order which sustained the preliminary objections of PHH Mortgage Corporation ("PHH") and the Federal National Mortgage Association (d/b/a "Fannie Mae") (collectively "Appellees"), and dismissed Appellant's amended complaint with prejudice.   We affirm.

The relevant facts and procedural history have been aptly set forth by the trial court as follows:

> On January 3, 2005, Appellant executed a Mortgage upon the premises of 12135 Academy Road #26, Philadelphia, PA, 19154-2942.  The Mortgage was recorded at the Office of the Recorder of Deeds of Philadelphia County[.]

*Former Justice specially assigned to the Superior Court.

On June 1, 2008, Appellant defaulted on her Mortgage; by the terms of the Mortgage, upon default of payment the entire debt was immediately collectible. ***See*** [Appellees'] Preliminary Objections, ¶¶ 2-3.

On May 19, 2009, PHH filed its Complaint in Mortgage Foreclosure.

On April 16, 2010, default judgment was entered against Appellant for her failure to file an Answer to the Complaint in Mortgage Foreclosure.

The instant case commenced [on] November 18, 2013, when Appellant filed her complaint *pro se* and accompanying petition to proceed *in forma pauperis*, alleging discrimination under federal laws, violations of the Home Affordable Modification Program ("HAMP") guidelines, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and negligence in the processing and/or reviewing of her loan modification application. In her complaint, [Appellant] sought a Temporary Restraining Order and Preliminary Injunctive Relief preventing her ejectment from 12135 Academy Road, the rescinding of the foreclosure, and unspecified monetary damages.

On December 13, 2013, Appellant filed a preliminary injunction seeking the same relief as that in her Complaint, which was denied on December 26, 2013, as moot.

On December 26, 2013, a judgment of *non pros* was entered for failure to pay the appropriate filing fee; however, the same day, the case was placed back into active status due to being *non prossed* in error.

On February 12, 2014, [Appellees] filed preliminary objections to [Appellant's] Complaint, on the grounds that the Complaint was frivolous litigation pursuant to Pa.R.C.P. 233.1(a) as the arguments were the same as those raised in her preliminary injunction and would have been more properly brought as an Answer and New Matter in the underlying foreclosure action; and that the Complaint did not conform to Pa.R.C.P. 1028(a)(3), requiring specificity in pleading, as the Complaint was "replete with conclusory allegations" and failed to present facts to support her accusations. ***See*** [Appellees'] Preliminary Objections, ¶¶ 19-22.

- 2 -

[Appellant] did not respond to [Appellees'] Preliminary Objections.

On March 12, 2014, [the trial court] entered an order sustaining [Appellees'] Preliminary Objections and dismissing [Appellant's] Complaint [without prejudice].

On March 17, 2014, Appellant filed a timely Motion for Reconsideration, alleging that Appellees had continued to send her "contradictory and confusing communication" regarding her mortgage status despite having admitted to processing errors, and arguing that a manifest injustice had occurred because she was a *pro se* party and had been treated unfairly. **See** [Appellant's] Motion for Reconsideration, ¶¶ 2-3, 6.

On April 8, 2014, [Appellees] filed a timely response to [Appellant's] motion, denying [Appellant's] averments and noting that [Appellant] failed to file a responsive pleading to contradict the averments of [Appellees'] Preliminary Objections. **See** [Appellees'] Answer to [Appellant's] Motion for Reconsideration, ¶¶ 1-6.

On April 14, 2014, prior to th[e] [trial court's] ruling on the Motion for Reconsideration, Appellant filed a Notice of Appeal to the Superior Court.

On April 22, 2014, [the trial court] formally denied Appellant's Motion for Reconsideration.

On April 28, 2014, [the trial court] filed its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On April 29, 2014, Appellant filed her Statement of Errors Complained of on Appeal, arguing that [the trial court] erred in "dismissing [Appellant's] Complaint due to no response." **See** Appellant's Concise Statement of Errors Complained of on Appeal, ¶¶ 1-3.

On July 1, 2014, the Property was sold at [a] Sheriff's sale [to Fannie Mae]. **See** Appellees' Preliminary Objections, ¶ 18.

On July 25, 2014, [the trial court] issued its opinion pursuant to Pa.R.A.P. 1925(a).

- 3 -

On February 27, 2015, Appellees filed a Rule to file a Complaint.

On April 1, 2015, Appellant filed an Amended Complaint, raising several counts. Her Complaint averred that Appellees discriminated against Appellant in regard to loan modification of the mortgage on the Property in violation of various federal laws; violations of HAMP; "wrongful foreclosure;" breach of contract; breach of the covenant of good faith and fair dealing; violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; and "willful, negligent, and continued misrepresentations."

On April 15, 2015, the Superior Court of Pennsylvania quashed Appellant's April 14, 2014, appeal [on the basis it was taken from a non-appealable interlocutory order].

On May 13, 2015, Appellees filed Preliminary Objections to Appellant's [Amended] Complaint, averring that Appellant's Amended Complaint should be dismissed pursuant to Pa.R.C.P. 233.1 as frivolous litigation [based on the theory of *res judicata*];. . .pursuant to Pa.R.C.P. 1028(a)(3) as the Complaint lacked sufficient specificity; and. . .pursuant to Pa.R.C.P. 1028(a)(4) [since the Complaint failed to state a cause of action].

On June 5, 2015, [the trial court] sustained Appellees' Preliminary Objections and dismissed Appellant's Amended Complaint with prejudice.

On June 7, 2015, [despite the dismissal of her Amended Complaint with prejudice,] Appellant filed a Second Amended Complaint, averring that she did not receive electronic notice of the Preliminary Objections in accordance with Pa.R.C.P. 205.4.

On June 10, 2015, Appellees filed a Motion to Strike Appellant's [Second] Amended Complaint, averring that Appellant's [Second] Amended Complaint was untimely, filed not only after the response was due, but after she received notice of [the trial court's] June 5, 2015, Order granting Appellees' Preliminary Objections, [ ] that service of the objections had been completed[,] and that Appellant had not raised sufficient facts to rebut the presumption of proper service.

On June 12, 2015, [before the trial court ruled on Appellees' Motion to Strike], Appellant filed a Motion for Reconsideration [of the June 5, 2015, Order]. [The Motion] did not raise any additional facts or law that would require granting said Motion, [and it was summarily denied]. Appellant argued that as Appellees "filed multiple Praecipes to Discontinue and End Matter. . .any subsequent foreclosure action should have been initiated with appropriate notice to [Appellant]." However, an examination of the docket in Appellees' Mortgage Foreclosure case against Appellant reflects that a Judgment by Default was entered April 16, 2010; that a sheriff's sale was held in 2010 but set aside by Appellees on April 18, 2011; that the Property was resold on July 1, 2014; and that a Satisfaction of Judgment and Praecipe to Discontinue were then filed on April 23, 2015. Despite Appellant's averments, none of this activity amounts to the creation of a "subsequent foreclosure notice."

On June 25, 2014, Appellant filed a timely Notice of Appeal to the Superior Court.

On June 29, 2015, [the trial court] issued its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file her Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On July 15, 2015, Appellant filed her Concise Statement of Matters Complained of on Appeal, averring that [the trial court] erred: in sustaining Appellees' Preliminary Objections and misapplied the theory of *res judicata* because the case is based upon a "different transaction—namely the TPP (Trial Period Plan) agreement;" in concluding that Appellant failed to state a sufficient cause of action; and in dismissing Appellant's Motion for Reconsideration "without regard to the Notice deficiency of all of [Appellees'] subsequent foreclosure actions against [Appellant]."

[On July 24, 2015, the trial court filed a responsive Pa.R.A.P. 1925(a) Opinion.]

Trial Court Pa.R.A.P. 1925(a) Opinion, filed 7/24/15, at 1-5 (footnotes and

bold omitted).

In its Opinion, the trial court explained it dismissed Appellant's amended complaint with prejudice based on the application of the doctrine of *res judicata*. Moreover, the trial court indicated that, even if Appellant's claims were not barred by *res judicata*, her amended complaint failed to state a cause of action for which relief could be granted such that dismissal was proper. Finally, the trial court found meritless Appellant's claim that the court abused its discretion in failing to grant Appellant's June 12, 2015, motion for reconsideration.

Our standard of review of a trial court ruling sustaining preliminary objections is as follows:

> [We must] determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Majorsky v. Douglas*, 58 A.3d 1250, 1268-69 (Pa.Super. 2012) (quotation omitted).

On appeal, Appellant has presented this Court with a largely incomprehensible, undeveloped argument. For instance, as it pertains to the

- 6 -

trial court dismissing her amended complaint on the basis of *res judicata*, Appellant's entire argument with regard thereto is found in the "Summary of Argument" portion of her appellate brief, wherein she states:

> Appellees maintain [Appellant's] claims are barred by *res judicata*, but the facts of the case indicate otherwise: the bases of [Appellant's] claims could not have been brought up during any prior adjudications since they were undisclosed during the prior processes. In essence, PHH's actions in breaching its contract with [Appellant] are so fraught with previously undisclosed misrepresentation as to constitute constructive fraud based on their concealment of material fact and [Appellant's] justifiable reliance on PHH's misrepresentations.

Appellant's Brief, Summary of Argument.[1]

Appellant's conclusory, undeveloped paragraph lacking citation to authority is insufficient to permit meaningful review of whether the trial court erred in dismissing Appellant's amended complaint on the basis of *res judicata*. Accordingly, although we are not insensitive to the fact Appellant is proceeding *pro se*, we decline to address this issue further. **See Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa.Super. 2006) (holding that, although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant); **Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa.Super. 1998) ("When issues are not properly raised and developed in briefs,. . .a court will not consider the merits thereof.") (citations omitted).

---

[1] Appellant has not paginated her brief.

- 7 -

With regard to whether the trial court properly sustained the preliminary objections and dismissed Appellant's amended complaint on the basis it failed to state a cause of action, to the extent Appellant's brief presents a cogent argument, we affirm on the basis of the well-reasoned opinion authored by the Honorable Nina Wright Padilla. **See** Trial Court Pa.R.A.P. 1925(a) Opinion, filed 7/24/15. Specifically, (1) as to Appellant's claim Appellees violated HAMP, the trial court concluded Appellant's claim failed as a matter of law since "Appellant's raising of Appellees' noncompliance with HAMP is futile when Appellant has no right to enforce compliance[,]" **Id.** at 9 (quoting **HSBC Bank, NA v. Donaghy**, 101 A.3d 129, 137 (Pa.Super. 2014));[2] (2) as to Appellant's claim she was subjected to a "wrongful foreclosure," the trial court concluded Appellant's claim failed since she was "barred from re-litigating claims related to the foreclosure...[and] waived her right to appeal the foreclosure[,]" **Id.**; (3) as to Appellant's claim of breach of contract that the HAMP trial modification plan offered to Appellant constituted a contract and Appellees breached the

---

[2] As this Court indicated in **Donaghy**:

> [I]t is well-settled that borrowers do not have a private federal right of action under HAMP, a federal program created pursuant to the Emergency Economic Stabilization Act. The primary reason upon which courts have relied to deny borrowers a right of action is that borrowers are not intended third party beneficiaries of HAMP contracts between the federal government and lenders.

**Donaghy**, 101 A.3d at 136 (citations omitted).

contract by declining to modify her loan, the trial court concluded this was an attempt to assert a private cause of action under HAMP and "Appellant cannot bring a private cause of action for alleged violations of HAMP[,]" *Id.*; (4) as to Appellant's claim Appellees violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.*, the trial court noted Appellant presented "conclusory statements of law, [and] she does not identify how Appellee[s] violated any practices of the UTPCPL[,]"[3] *Id.* at 10; (5) as to Appellant's claim of willful, negligent, and continued misrepresentations by Appellees, the trial court concluded Appellant's claim failed as a matter of law since Appellant did not proffer facts indicating that Appellees owed a duty of care to her, *Id.*[4, 5]

---

[3] For a discussion of the elements of a claim under the UTPCPL, see *Kern v. Lehigh Valley Hospital, Inc.*, 108 A.3d 1281 (Pa.Super. 2015).

[4] Moreover, as to any suggestion made by Appellant regarding intentional misrepresentation, the trial court noted the claim failed as a matter of law since "Appellant has not and cannot prove that any alleged misstatements were made falsely with knowledge of the falsity or recklessness as to whether it is true or false." Trial Court Pa.R.A.P. 1925(a) Opinion, filed 7/24/15, at 11.

[5] In its Opinion, the trial court also discussed the reasons it sustained Appellees' preliminary objections regarding Appellant's claims that Appellees discriminated against her in regard to the loan modification of the mortgage in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, the Fair Housing Act, 42 U.S.C. § 3605, and Appellant's equal rights under 42 U.S.C. § 1981. *See* Trial Court Pa.R.A.P. 1925(a) Opinion, filed 7/24/15, at 7-8. Appellant has presented no argument concerning the trial court's sustaining of Appellees' preliminary objections as to these claims.

Finally, as to Appellant's claim the trial court erred in denying her motion for reconsideration, the trial court noted "[the motion] did not raise any additional facts or law that would require granting said [m]otion, [and it was summarily denied]." *Id.* at 4. We find no abuse of discretion in this regard. *See Cohen v. Furin*, 946 A.2d 125 (Pa.Super. 2008) (noting review of motion for reconsideration is subject to an abuse of discretion standard).[6]

For all of the foregoing reasons, we affirm. We direct the parties to attach a copy of the trial court opinion in the event of further proceedings.

Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

_____

[6] Appellant presents in her brief various allegations related to her ejectment. However, an appeal related to the ejectment action has been listed in this Court at a separate docket number, 2704 EDA 2015, and a panel of this Court shall address issues related thereto in a separate decision.

## IN THE COURT OF COMMON PLEAS
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

Kawah Vs Phh Mortgage Corporation Etal-OPFLD

JEBEH KAWAH

v.

PHH MORTGAGE CORPORATION ET AL :

13110192300071 .

SUPERIOR COURT No.
2096 EDA 2015

Civil Division
November Term 2013, No. 1923

### OPINION

Jebeh Kawah appeals from this Court's Order of March 12, 2014, granting Defendant's Preliminary Objections and dismissing her Complaint.

### FACTUAL AND PROCEDURAL HISTORY

On January 3, 2005, Appellant executed a Mortgage upon the premises of 12135 Academy Road #26, Philadelphia PA, 19154-2942. The Mortgage was recorded at the Office of the Recorder of Deeds of Philadelphia County as Document ID 51197420.

On June 1, 2008, Appellant defaulted on her Mortgage; by the terms of the Mortgage, upon default of payment the entire debt was immediately collectible. *See* Defendant's Preliminary Objections, ¶¶ 2 – 3.

On May 19, 2009, PHH Mortgage Corporation filed its Complaint in Mortgage Foreclosure.[1]

On April 16, 2010, default judgment was entered against Appellant for her failure to file an Answer to the Complaint in Mortgage Foreclosure.

The instant case commenced November 18, 2013, when Appellant filed her complaint *pro se* and accompanying petition to proceed *in forma pauperis*,[2] alleging discrimination under federal laws, violations of Home Affordable Modification Program ("HAMP") guidelines, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and negligence in the processing and/or

---

[1] *PHH Mortgage Corporation v. Kawah*, Civil Action No. 2467, May Term, 2009 (Philadelphia Court of Common Pleas). Following the sale of the Property, Appellee filed a Satisfaction of Judgment and a Praecipe to Discontinue the case.

[2] This petition was denied on December 6, 2013, for failure to file a complete and/or legible petition and affidavit.

reviewing of her loan modification application. In her complaint she sought a Temporary Restraining Order and Preliminary Injunctive Relief preventing her ejectment from 12135 Academy Road, the rescinding of the foreclosure, and unspecified monetary damages.

On December 13, 2013, Appellant filed a preliminary injunction seeking the same relief as that in her Complaint, which was denied on December 26, 2013, as moot.

On December 26, 2013, a judgment of non pros was entered for failure to pay the appropriate filing fee; however, the same day, the case was placed back into active status due to being non prossed in error.

On February 12, 2014, Appellee PHH Mortgage Corporation filed preliminary objections to Plaintiff's Complaint, on the grounds that the Complaint was frivolous litigation pursuant to Pa. R. C. P. 233.1(a) as the arguments were the same as those raised in her preliminary injunction and would have been more properly brought as an Answer and New Matter in the underlying foreclosure action; and that the Complaint did not conform to Pa.R.C.P. 1028(a)(3), requiring specificity in pleading, as the Complaint was "replete with conclusory allegations" and failed to present facts to support her accusations. *See* Defendant's Preliminary Objections, ¶¶ 19-22.

Plaintiff did not respond to Defendant's Preliminary Objections.

On March 12, 2014, this Court entered an order sustaining Defendant's Preliminary Objections and dismissing Plaintiff's Complaint.

On March 17, 2014, Appellant filed a timely Motion for Reconsideration, alleging that Appellee had continued to send her "contradictory and confusing communication" regarding her mortgage status despite having admitted to processing errors, and arguing that a manifest justice had occurred because she was a *pro se* party and had been treated unfairly. *See* Plaintiff's Motion for Reconsideration, ¶¶ 2-3, 6.

On April 8, 2014, Defendant filed a timely response to Plaintiff's motion, denying Plaintiff's averments and noting that Plaintiff failed to file a responsive pleading to contradict the averments of

2

Defendant's Preliminary Objections. *See* Defendant's Answer to Plaintiff's Motion for Reconsideration, ¶¶ 1-6.

On April 14, 2014, prior to this Court's ruling on the Motion for Reconsideration, Appellant filed a Notice of Appeal to the Superior Court.

On April 22, 2014, this Court formally denied Appellant's Motion for Reconsideration.

On April 28, 2014, this Court filed its Order pursuant to Pa. R.A.P. 1925(b), directing Appellant to file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On April 29, 2014, Appellant filed her Statement of Errors Complained of on Appeal, arguing that this Court erred in "dismissing Plaintiff's Complaint due to no response." *See* Appellant's Concise Statement of Errors Complained of on Appeal, ¶¶ 1-3.

On July 1, 2014, the Property was sold at Sheriff's Sale. *See* Appellee's Preliminary Objections, ¶ 18.

On July 25, 2014, this Court issued its opinion pursuant to Pa.R.A.P. 1925(a).

On February 27, 2015, Appellee filed a Rule to file a Complaint.

On April 1, 2015, Appellant filed an Amended Complaint, raising several counts. Her Complaint averred that Appellee discriminated against Appellant in regard to loan modification of the mortgage on the Property in violation of various federal laws;[3] violations of HAMP; "wrongful foreclosure"; breach of contract; breach of the covenant of good faith and fair dealing; violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; and "willful, negligent, and continued misrepresentations."

On April 15, 2015, the Superior Court of Pennsylvania quashed Appellant's appeal.

On May 13, 2015, Appellee filed Preliminary Objections to Appellant's Complaint, averring that Appellant's Amended Complaint should be dismissed pursuant to Pa.R.C.P. 233.1 as frivolous litigation;

---

[3] Namely, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*; the Fair Housing Act, 42 U.S.C. § 3605 *et seq.*; and 42 U.S.C. § 1981.

3

raising preliminary objections pursuant to Pa.R.C.P. 1028(a)(3) as the Complaint lacked sufficient specificity; and raising preliminary objections pursuant to Pa.R.C.P. 1028(a)(4) by demurrer.

On June 5, 2015, this Court sustained Appellee's Preliminary Objections and dismissed Appellant's Amended Complaint with Prejudice.

On June 7, 2015, Appellant filed a Second Amended Complaint, averring that she did not receive electronic notice of the Preliminary Objections in accordance with Pa.R.C.P. 205.4.

On June 10, 2015, Appellee filed a Motion to Strike Appellant's Amended Complaint, averring that Appellant's Amended Complaint was untimely, filed not only after the response was due, but after she received notice of this Court's June 5, 2015 Order granting Appellee's Preliminary Objections, and that service of the objections had been completed and that Appellant had not raised sufficient facts to rebut the presumption of proper service.

On June 12, 2015, Appellant filed a Motion for Reconsideration, which did not raise any additional facts or law that would require granting said Motion.[4] Appellant argued that as Appellees "filed multiple Praecipes to Discontinue and End Matter ... any subsequent foreclosure action should have been initiated with appropriate notice to Plaintiff." However, an examination of the docket in Appellee's Mortgage Foreclosure case against Appellant reflects that a Judgment by Default was entered April 16, 2010; that a sheriff's sale was held in 2010 but set aside by Appellee on April 18, 2011; that the Property was resold on July 1, 2014; and that a Satisfaction of Judgment and Praecipe to Discontinue were then filed on April 23, 2015. Despite Appellant's averments, none of this activity amounts to the creation of a "subsequent foreclosure action."

On June 25, 2014, Appellant filed a timely Notice of Appeal to the Superior Court.

On June 29, 2015, this Court issued its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file her Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

---

[4] Appellant incorrectly cited various Federal Rules of Civil Procedure and federal cases in support of her motion.

4

On July 15, 2015, Appellant filed her Concise Statement of Matters Complained of on Appeal, averring that this Court erred: in sustaining Appellee's Preliminary Objections and misapplied the theory of *res judicata* because the case is based upon a "different transaction – namely the TPP [Trial Period Plan] agreement"; in concluding that Appellant failed to state a sufficient cause of action; and in dismissing Appellant's Motion for Reconsideration "without regard to the Notice deficiency of **all** of the Defendants' subsequent foreclosure actions against [Appellant]."

## DISCUSSION

Appellant complains that this Court erred in dismissing her Complaint because: the Court erred in sustaining the Preliminary Objections "based on a misapplication of the theory of res judicata"; erred in finding that Appellant had failed to state a sufficient cause of action; and erred in dismissing Appellant's Motion for Reconsideration "without regard to the Notice deficiency."

### I.    PRELIMINARY OBJECTIONS

When ruling on preliminary objections, the court "accepts as true all well-pled material facts set forth in the complaint along with all reasonably deducible inferences from those facts." *Turner v. Medical Center, Beaver, PA, Inc.*, 454 Pa. Super. 645, 686 A.2d 830 (1996), *appeal denied,* 548 Pa. 673, 698 A.2d 596 (1997). Such an inquiry assesses the legal sufficiency of the Complaint and the court must "be able to say with certainty that upon the facts averred, the law will not permit recovery." *Schuylkill Navy v. Langbord,* 1999 PA Super 75, 728 A.2d 964, 968 (Pa. Super. Ct. 1999). A preliminary objective will be sustained only if they are free and clear of doubt. *Id.* The Court must also consider the sufficiency of the cause of action alleged in a complaint before granting a party's preliminary objections. *Smith v. McDougall,* 365 Pa. Super. 157, 529 A.2d 20 (1987).

The court should consider the sufficiency of the cause of action alleged in the Complaint before granting a party's preliminary objections. *Schuylkill Navy,* 728 A.2d at 968. The failure of the trial court to consider "the sufficiency of the Complaint before sustaining preliminary objections and dismissing the case without leave to amend is an abuse of discretion." *Id.* Thus, an order sustaining preliminary objections based solely on failure of a party to file timely a responsive brief or memorandum of law

5

without also considering whether the Complaint sufficiently pled a cause of action is an abuse of discretion. *Id.* A trial court may properly rule on preliminary objections relying only on the pleadings submitted by the parties where no factual issues are raised which necessitate the reception of evidence. *Wimble v. Parx Casino & Greenwood Gaming & Entm't, Inc.*, 2012 PA Super 62, 40 A.3d 174, 179 (Pa. Super. Ct. 2012).

A demurrer is an assertion that a Complaint does not set forth a cause of action upon which relief can be granted, and tests the sufficiency of the challenged pleadings. *Composition Roofers Local 30/30B v. Katz*, 398 Pa. Super. 564, 581 A.2d 607, 609 (1990). Fact-based defenses, even those which might ultimately inure to the defendant's benefit, are thus irrelevant on demurrer. *Orner v. Mallick*, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987). The question posed by the demurrer is whether on the facts averred, the law says with certainty that no recovery is possible; the Court must determine whether the Complaint adequately states a claim for relief under any theory of law. *Mistick, Inc. v. Nw. Nat. Cas. Co.*, 2002 Pa. Super. 267, 806 A.2d 39, 42 (2002). The court accepts as true all material averments in the Complaint and sustains the demurrer only where the law will not permit recovery. *Id.*

Preliminary objections seeking the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief; if any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling said objections. *Feingold v. Hendrzak*, 2011 PA Super 34, 15 A.3d 937, 941 (2011).

Appellant first argues that this Court misapplied the doctrine of *res judicata*, as the case was "based on a different transaction – namely the TPP agreement" rather than the mortgage note "at issue in the first foreclosure action." The Trial Period Plan[5] ("TPP") referred to was under the Federal Home Affordable Modification Program ("HAMP"). Following entering the Plan, Appellant was denied a

---

[5] Under HAMP, borrowers enter into a Trial Period Plan before receiving a permanent Home Affordable Modification. During this period, borrowers must submit trial payments and all required forms and documents. *See* http://www.makinghomeaffordable.gov/learn-more/trial-period/Pages/default.aspx

6

permanent loan modification. Despite Appellant's arguments that this Court erroneously sustained the preliminary objections based upon *res judicata*, as her complaints were based upon a different transaction (i.e. the TPP), all of Appellant's claims originated from issues with her mortgage foreclosure. Despite Appellant's arguments that the TPP is a separate transaction from the mortgage foreclosure, Appellant has not cited any Pennsylvania state law to support this proposition. Even so, Appellant's claims fail as a matter of law, and consequently this Court did not err in striking her Complaint with prejudice. Appellant raised the following causes of action in her Amended Complaint, and this Court will address them in turn.

### a. *ECOA, FHA, and Equal Rights Under the Law*

Appellant first claims that Appellee discriminated against her in regard to loan modification of the mortgage on the Property in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, prohibiting creditors from discriminating against applicants on the basis of race, color, religion, national origin, sex, marital status, age, public assistance, or exercising rights under the Consumer Credit Act. Appellant also alleges violations the Fair Housing Act, 42 U.S.C. § 3605, and her equal rights under the law pursuant to 42 U.S.C. § 1981. She argues that because she is black, female, and a recipient of public assistance, she was qualified for a loan modification under HAMP terms, she suffered an adverse decision, and she was treated less favorably than a similarly-situated individual outside her protected class. However, pursuant to 15 U.S.C.A. § 1691(c)(1), it is not a violation of the section for a creditor to refuse to extend credit offered pursuant to any credit assistance program expressly authorized by law for an economically disadvantaged class of persons, in this case, HAMP. Appellant's allegations are conclusory, and cannot stand as a matter of law.

In all of her amended pleadings, Appellant has not averred anything to show that she was denied a permanent loan modification because she was black, female, or a recipient of public assistance. Appellant received a mortgage, defaulted on the mortgage, did not challenge the default, and now attempts to collaterally attack the mortgage foreclosure through the current action. Further, Appellant's modification application was denied as her current housing payments were not greater than

7

31% of her total monthly gross income of $2,691.00, which Appellant provided to Appellee. Appellant argues that this was a "pretext for discrimination given Plaintiff's obvious total monthly gross income of over $6,000." However, this further illustrates that she was not qualified for HAMP, as her monthly income would be approximately 13% of her monthly total gross income. This is well below the 31% threshold provided by the HAMP guidelines.

Appellant also argues that Appellee violated the Fair Housing Act, specifically 42 U.S.C. § 3605, which states that "It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." The FHA can be violated by either intentional discrimination or if a practice has a disparate impact on a protected class. *Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mount Holly*, 658 F.3d 375, 381 (3d Cir. 2011). Generally, to prevail on a disparate treatment claim, a plaintiff must demonstrate that some discriminatory purpose was a "motivating factor" behind the challenged action. *Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 177 (3d Cir. 2005). As noted above, Appellant has not plead any facts or averments to support the notion that Appellee discriminated against her based upon her race or sex, only stated that as, she is a member of protected classes who was denied modifications of her loans, Appellee's conduct was discriminatory. Appellant has raised the same arguments in numerous pleadings, and all fail as a matter of law.

### b. HAMP

Appellant raises numerous arguments averring that Appellee violated HAMP in the handling of the loan modification application. However, regardless of the accuracy of Appellant's averments, it is "well-settled that borrowers do not have a private federal right of action under HAMP, a federal program created pursuant to the Emergency Economic Stabilization Act." *HSBC Bank, NA v. Donaghy*, 2014 PA Super 215, 101 A.3d 129, 136 (2014). The primary reason the courts rely upon is that

8

borrowers are not the intended third party beneficiaries of HAMP contracts between the federal government and lenders. *Id.*

Thus, "even if Appellee failed to comply with Section 3 of MHA handbook prior to proceeding with its foreclosure action against Appellant, Appellant *does not have a right* to bring an action against Appellee for such noncompliance." *Donaghy,* 101 A.3d at 136-137. Thus, "Appellant's raising of Appellee's noncompliance with HAMP is futile when Appellant has no right to enforce compliance." *Donaghy,* 101 A.3d at 137. Thus, this claim fails as a matter of law.

### c. *Wrongful Foreclosure*

Appellant raises a count of "wrongful foreclosure" against Appellant, however, Appellant is barred from re-litigating claims related to the foreclosure. Default Judgment was entered in the foreclosure action on April 16, 2010. Appellant filed a Motion to Stay Proceedings in the Mortgage Foreclosure Sale on May 30, 2014, which was denied June 11, 2014. Following a Sheriff's Sale of the Property, Appellee marked the case satisfied and discontinued on April 23, 2015. At no time during the pendency of the foreclosure action did Appellant file a Petition to Open Judgment, a Motion to Set Aside Sheriff's Sale, or any appeal from any Order in that case.

Pursuant to Pa.R.A.P. 903, Appellant has thus waived her right to appeal the foreclosure as the notice of appeal was not filed within thirty (30) days after the entry of any order in the foreclosure action. Consequently, all claims under this cause of action fail as a matter of law.

### d. *Breach of Contract*

Appellant raises a cause of action for breach of contract, arguing that as she had an executed Trial Period Plan, Appellee's failure to provide Appellant with "either a loan modification agreement or any communication stating otherwise, contravening HAMP Supplemental Directive ... which states that if the lender approves a Trial Period Plan (TPP) and the borrower complies with all the terms of the TPP and all of the borrower's representations remain true and correct, the lender must offer a permanent loan modification." However, as discussed above, Appellant cannot bring a private cause of action for alleged violations of HAMP and this claim fails as a matter of law.

9

*e. Breach of the Covenant of Good Faith and Fair Dealing*

Appellant raises a count of "breach of the covenant of good faith and fair dealings," arguing that Appellee "unfairly frustrated [Appellant's] right to receive the benefits of a contract, thereby breaching the implied covenant of good faith and fair dealing" by "misrepresenting that [Appellant] had missed a payment during the period following [Appellant's] successful conclusion of TPP payments in 2011..." However, as noted above, borrowers are not intended third party beneficiaries of HAMP contracts between the federal government and lenders. *Donaghy*, 101 A.3d at 136. Consequently, Appellant's claim fails as a matter of law.

*f. UDAP and UTPCPL*

Appellant raises one count of violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, "specifically engaging in unfair and deceptive conduct which created a likelihood of confusion and misunderstanding." Although Appellant makes conclusory statements of law, she does not identify how Appellee violated any practices of the UTPCPL. She avers, again, that Appellee violated HAMP and ECOA but does not specifically identify any practices which created the "confusion and misunderstanding for Appellant" and ultimately led to the wrongful foreclosure of the property. As noted above, Appellant has already waived her right to challenge the mortgage foreclosure. Consequently, her claim fails as a matter of law.

*g. Willful, Negligent, and Continued Misrepresentations*

Appellant raises one count of "willful, negligent, and continued misrepresentations." However, Appellant's claims of negligence fail as a matter of law. To establish a cause of action in negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage. *Martin v. Evans*, 551 Pa. 496, 502, 711 A.2d 458, 461 (1998). Appellant has not shown that Appellee had a duty of care owed to her.

Similarly, any claim by Appellant for intentional misrepresentation also fails as a matter of law. The elements of intentional misrepresentation are as follows: (1) A representation; (2) which is

10

material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance. *Bortz v. Noon,* 556 Pa. 489, 499, 729 A.2d 555, 560 (1999) (citation and quotation omitted). "[F]raud consists of anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth or look or gesture." *Moser v. DeSetta,* 527 Pa. 157, 160, 589 A.2d 679, 682 (1991). Appellant has not and cannot prove that any alleged misstatements were made falsely with knowledge of the falsity or recklessness as to whether it is true or false. Appellant's accusations are that Appellee used "confusing language" indicating a process "so rife with procedural errors as could only be deemed willful" but does not plead what these alleged errors are. Nor has she shown that "confusing language" amounts to fraud or an intent to mislead.

Appellant's claims fail as a matter of law.

## II.     SUFFICIENT CAUSE OF ACTION

As noted above, Appellant did not state a cause of action for which relief could be granted, and this Court did not err in dismissing her Amended Complaint with prejudice.

## III.     DENIAL OF MOTION FOR RECONSIDERATION

Finally, Appellant argues that this Court erred in denying her Motion for Reconsideration. Although the Court does have the broad discretion to modify or rescind an order, such power is, as noted, discretionary. *PNC Bank, N.A. v. Unknown Heirs,* 2007 PA Super 212, ¶ 19, 929 A.2d 219, 226 (2007); 42 Pa. C. S. § 5505.

11

## CONCLUSION

Accordingly, for all of the reasons stated above, this Court's decision should be affirmed.

BY THE COURT:

DATE: July 24, 2015

NINA WRIGHT PADILLA, J.