J-S10014-21

2021 PA Super 138

| | | |
|---|---|---|
| SHANNON INVESTMENTS, L.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOYCE OUTDOOR ADVERTISING | : | |
| WALLSCAPES, LLC | : | |
| | : | No. 1177 MDA 2020 |
| Appellant | : | |

Appeal from the Order Entered August 10, 2020
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2019-CV-4553

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

OPINION BY MURRAY, J.:                                    **FILED JULY 06, 2021**

Joyce Outdoor Advertising Wallscapes, LLC (Appellant) appeals from the order granting the "Motion to Strike Appellant's Praecipes for Writs to Join Additional Defendants and to Amend the Caption" filed by the plaintiff Shannon Investments, L.P. (Shannon), in this declaratory judgment action. Upon review, we quash.

The trial court described the factual history as follows:

On July 12, 2017, [Shannon] purchased property located at 730-734 Wyoming Avenue, Scranton, Lackawanna County, Pennsylvania ("730-734 Wyoming Avenue"), from Scranton-Dunl[o]p, Inc. ("Scranton-Dunlop").  [Shannon] received a special warranty deed which was filed in the office of the Lackawanna County Recorder of Deeds.

On or about August 26, 2015, Sandone Tire's ("Sandone Tire") warehouse was destroyed by a massive fire.  As a result of the fire, the warehouse located at 722 Wyoming Avenue,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Scranton, Lackawanna County, Pennsylvania ("722 Wyoming Avenue"), was demolished. Consequently, the outer-most wall on this block of Wyoming Avenue was now 732-734 Wyoming Avenue.

Around the same time, [Appellant] was in communication with Patrick W. Sandone, Jr. ("Sandone Jr.") to lease the rights to access the outside wall of the building at 704 Wyoming Avenue for advertising. [Appellant] and Great Penna Tire Co. LLC [(Pennsylvania Tire)] entered into an outdoor advertising sign lease agreement ("Lease") on July 5, 2016. The Lease[, which was signed by Sandone Jr.,] granted [Appellant] the right to utilize the side of the building at 704 Wyoming Avenue ("704 Wyoming Avenue") "for the purpose(s) of erecting and maintaining an outdoor advertising structure(s). . . ."

Rather than posting its advertising on 704 Wyoming Avenue, [Appellant] placed advertising on the buildings at 730-734 Wyoming Avenue. Prior to the sale [of the latter properties] to [Shannon], Scranton-Dunlop challenged the presence of the sign and requested that it be removed. . . . After the purchase, [according to Shannon, it] "directed [Appellant] to remove the billboard sign from the premises but [Appellant] has failed and refused to remove the billboard sign, claiming it had the right to maintain the billboard sign at the Premises by virtue of the [] Lease with [Pennsylvania Tire]."

Trial Court Opinion, 5/6/20, at 1-3 (footnotes, citations, and some quotes omitted).

On July 31, 2019, Shannon filed a complaint against Appellant under the Declaratory Judgments Act (DJA), 42 Pa.C.S.A. §§ 7531-7541, seeking a declaration of rights and obligations. Shannon essentially sought a declaration that Appellant has no right to maintain the billboard on Shannon's property at 730-734 Wyoming Avenue.

Appellant filed preliminary objections on August 22, 2019, asserting Shannon improperly failed to join certain indispensable parties to the action.

*See* Pa.R.C.P. 1028(a)(5).  Appellant sought dismissal of the complaint on this basis, or, alternatively, an order directing Shannon to file an amended complaint naming the following entities as co-defendants: Sandone Jr., Sandone Tire, Pennsylvania Tire, and Scranton-Dunlop (collectively, "the Sandone Entities").

On September 25, 2019, Shannon filed an answer to Appellant's preliminary objections.  On the same date, Shannon moved to compel Appellant to produce certain documents in discovery.

On May 6, 2020, the Honorable James Gibbons overruled Appellant's preliminary objections.  The court rejected any claim that the Sandone Entities are indispensable parties to the action, reasoning:

> There is no suggestion at this juncture that the Sandone Entities own 730-734 Wyoming Avenue[, *i.e.*, the property Shannon purchased bearing Appellant's billboard].  Further, the Lease, which [Appellant] contends is the basis for the Sandone Entities' inclusion, clearly identifies the relevant premises as 704 Wyoming Avenue and 722 Wyoming Avenue.  In addition, the Lease included paragraphs specifically to deal with the sale of the property, as well as successors and assigns.
>
> Ultimately, [Shannon's] suit pertains to 730-734 Wyoming Avenue and whether [Appellant] impermissibly constructed a billboard advertising sign on that property.  **The purpose of the present litigation is not to review the validity of the Lease between** [**Appellant**] **and Pennsylvania Tire, but to determine whether** [**Appellant**] **has an interest in 730-734 Wyoming Avenue**.  Additionally, [**Shannon**] **does not assert claims against the Sandone Entities**.  Therefore, the Sandone Entities are not indispensable parties.

Trial Court Opinion, 5/6/20, at 6 (emphasis added, footnote and citations to record omitted).[1]

Despite this ruling, on June 16, 2020, Appellant filed praecipes for writs to join the respective Sandone Entities as additional co-defendants in the action. Appellant also sought to join HJSS Enterprises, LLC – which appears to be the successor to Pennsylvania Tire. On the same date, Appellant filed an answer and new matter to Shannon's complaint.

On July 2, 2020, Appellant filed a motion requesting to amend the caption to add the Sandone Entities (motion to amend).

Shannon moved to strike Appellant's praecipes to join the Sandone Entities, as well as the motion to amend, on July 2, 2020. Shannon argued Appellant's repeated attempt to join the Sandone Entities improperly sought to set aside Judge Gibbons' May 6, 2020 ruling.

Thereafter, Appellant served interrogatories on Shannon and requested the production of documents. On July 28, 2020, Shannon filed an answer to Appellant's motion to compel discovery.[2] The Honorable Carmen D. Minora

---

[1] Judge Gibbons further determined the Sandone Entities are not "necessary" parties to the action. *See id.* at 6-7 (citing **Pa. Human Relations Comm'n v. Sch. Dist.**, 651 A.2d 177, 184 (Pa. Cmwlth. 1993) (stating "a necessary party is one whose presence, while not indispensable, is essential if the court is to resolve completely a controversy and to render complete relief.")).

[2] The motion to compel is not entered on the trial court docket or contained in the certified record.

conducted a hearing on August 6, 2020; Judge Minora granted the motion to compel on August 10, 2020.

By separate order entered August 10, 2020, Judge Minora granted Shannon's motion to strike and denied Appellant's motion to amend. The court concluded Judge Gibbons' May 6, 2020 ruling that the Sandone Entities are neither indispensable nor necessary parties constituted the law of the case and was binding on the court. The court also stated, "there is now an inconclusive service of process on the parties sought to be joined thus denying them notice and due process." Order, 8/10/20, at ¶ 5. Appellant timely filed a notice of appeal from this order on September 9, 2020.

In the interim, on August 18, 2020, Appellant filed a motion seeking reconsideration of the August 10, 2020 order, or, in the alternative, a "determination of finality" pursuant to 42 Pa.C.S.A. § 702(b) and Pa.R.A.P. 341(c).

It is well-settled that appellate courts typically have jurisdiction over final orders. **See** Pa.R.A.P. 341(a). "A final order is generally one which terminates the litigation, disposes of the entire case, or effectively puts the litigant out of court." **Joseph F. Cappelli & Sons, Inc. v. Keystone Custom Homes, Inc.**, 815 A.2d 643, 648 (Pa. Super. 2003) (citation omitted); **see also** Pa.R.A.P. 341(b)(1).

Here, Appellant invoked Rule of Appellate Procedure 341(c), which states:

**(c) Determination of finality.--** When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the trial court . . . may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c). Rule 341(c) further provides that if the trial court does not act on the application for a determination of finality within 30 days after it is filed, it shall be deemed denied. Pa.R.A.P. 341(c)(2).

Further, 42 Pa.C.S.A. § 702(b) provides:

When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

*Id.*

In this case, the trial court never ruled on Appellant's motion for finality, nor did it act pursuant to 42 Pa.C.S.A. § 702(b). Thus, the motion for finality was deemed denied on September 9, 2020, pursuant to Pa.R.A.P. 341(c)(2), *supra*.

On October 8, 2020, Shannon filed with this Court a motion to quash Appellant's appeal as interlocutory. Shannon emphasized the denial of the

motion for finality and argued the August 10, 2020 order is neither final nor appealable as of right.

This Court, on October 29, 2020, issued a rule for Appellant to show cause concerning our jurisdiction over the August 10, 2020 order. We stated:

> Pa.R.A.P. 311(a)(8) provides that an "appeal may be taken as of right and without reference to Pa.R.A.P. 341(c)[, **supra**,] from . . . [a]n order that is **made final or appealable by statute** or general rule, even though the order does not dispose of all claims and of all parties." [(emphasis added)]. Section 7532 of the [DJA] . . . provides that courts of record have the power to declare the rights, status, and other legal relations and that "such declarations shall have the force and effect of a **final** judgment or decree." [42 Pa.C.S.A.] § 7532 [(emphasis added)].
>
> In its docketing statement, Appellant claims that the [August 10, 2020] Order is appealable under Pa.R.A.P. 311(a)(8).

Rule to Show Cause, 10/29/20.

Appellant timely filed a response to the rule to show cause. Appellant cited Pa.R.A.P. 311(a)(8), section 7532 of the DJA, and the Pennsylvania Supreme Court's decision in **Nationwide Mut. Ins. Co. v. Wickett**, 763 A.2d 813 (Pa. 2000). The **Wickett** Court held: "the Superior Court erred in finding that the trial court's orders sustaining preliminary objections in the nature of demurrers in actions brought pursuant to [section 7532 of the DJA] were not immediately appealable final orders" pursuant to the predecessor to Pa.R.A.P. 311(a)(8). **Id.** at 815; **see also id.** at 818 (order dismissing some defendants in DJA action from the case was a final, appealable order, even though claims against other defendants remained outstanding). **Wickett** explained that an order relative to a request for declaratory relief is final and appealable if it

- 7 -

"either affirmatively or negatively declares the rights and duties of the parties." **Id.** at 818 (footnote omitted).

On December 7, 2020, this Court denied Shannon's motion to quash without prejudice to its right to raise the issue again on appeal. Accordingly, we address Shannon's renewed challenge to this Court's jurisdiction. **See Pa. Manufacturers' Assoc. Ins. Co. v. Johnson Matthey, Inc.**, 188 A.3d 396, 398 (Pa. 2018) (*per curiam*) ("Whether this Court has jurisdiction to entertain this appeal presents a threshold issue. Such an issue raises a question of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary." (citations omitted)).

Shannon argues this appeal must be quashed pursuant to our decision in **Techtman v. Howie**, 720 A.2d 143 (Pa. Super. 1998). Appellee's Brief at 16. There, we held "[a]n order denying joinder of a party does not constitute a basis for an interlocutory appeal as of right within [Pa.R.A.P. 311]. Thus, petitioner does not have the right to appeal the order denying joinder pursuant to Rule 311." **Techtman**, 720 A.2d at 146. **Techtman**, unlike the instant case, was not a declaratory judgment action and it is thus distinguishable. Shannon further argues the holding in **Wickett**, *supra* does not render the August 10, 2020 order appealable as of right under Pa.R.A.P. 311(a)(8) and section 7532 of the DJA. Appellee's Brief at 16.

Appellant counters that the August 10, 2020 order is "effectively a final order that puts [Appellant] out of court as it pertains to [Appellant's] claims against the Sandone Entities."  Appellant's Brief at 12.  Appellant argues:

> While an order permitting a defendant in an action to join an additional defendant is interlocutory, an order sustaining preliminary objections to the joinder of an additional defendant, dismissing defendant's complaint as to the additional defendant, and dropping the additional defendant from the suit is a "final order."

*Id.* at 11-12 (quoting ***Zakian v. Liljestrand***, 264 A.2d 638, 640 (Pa. 1970)).

Pertinently, the Pennsylvania Supreme Court has limited the breadth of the general rule announced in ***Wickett***, holding:

> If the order in question merely narrows the scope of the litigation and does not resolve **the entirety of the parties' eligibility for declaratory relief**, then the order is interlocutory and not immediately appealable.

***Pa. Manufacturers***, 188 A.3d at 400 (emphasis added); ***see also id.*** (quashing appeal as interlocutory where order did not resolve all of the parties' competing claims for declaratory relief).

Here, the August 10, 2020 order "does not resolve the entirety of [Shannon's] eligibility for declaratory relief."  ***Id.***  Indeed, none of Shannon's claims for declaratory relief against Appellant have been resolved, and Shannon did not file **any** claims against the Sandone Entities.  The August 10, 2020 order merely reaffirmed the trial court's prior rejection of Appellant's attempt to join the Sandone Entities, none of which hold any interest in Shannon's property at issue in this action.  ***See id.*** (an order that "merely

narrows the scope of the litigation" is interlocutory); *see also* Trial Court Opinion, 5/6/20, at 6. Finally, we conclude *Zakian*, *supra* is unavailing and distinguishable. *See Zakian*, 264 A.2d at 642-43 (holding trial court properly denied appellant/defendant automobile operator's petition to *nunc pro tunc* join an additional defendant in the personal injury action under Pa.R.C.P. 2253, *supra*).

In sum, the August 10, 2020 order is interlocutory and non-appealable. *See Pa. Manufacturers*, 188 A.3d at 400; *see also Schmitt v. State Farm Mut. Auto. Ins. Co.*, 245 A.3d 678, 685-86 (Pa. Super. 2021) (distinguishing *Wickett* and its progeny and quashing appeal as interlocutory where trial court resolved plaintiff's declaratory judgment claims upon summary judgment but did not resolve the claims seeking damages); *Cf. Nationwide Mut. Ins. Co. v. Arnold*, 214 A.3d 688, 694 (Pa. Super. 2019) (distinguishing *Pa. Manufacturers* and reaching merits of appeal where "[t]he trial court's order resolves the entirety of the parties' eligibility for declaratory relief"). Under these circumstances, and "in light of our well-established policy of avoiding piecemeal litigation," *Pa. Manufacturers*, 188 A.3d at 400, we agree with Shannon that quashal is proper.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/06/2021