J-A20016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DELORES W. MANNING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL AND KELLY OYSTER | : | No. 1 MDA 2023 |

Appeal from the Order Entered November 29, 2022
In the Court of Common Pleas of Union County
Civil Division at 21-0407

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED: SEPTEMBER 20, 2023**

Delores W. Manning (Appellant) appeals from the order sustaining the preliminary objections of Paul and Kelly Oyster (the Oysters) and dismissing Appellant's amended complaint with prejudice.  We affirm.

On August 24, 2021, Appellant filed a complaint in replevin.  The trial court explained:

> [Appellant] alleges she purchased a black Labrador retriever as a gift to her son, William Gonzalez.  [Appellant] alleges her son subsequently died.  [Appellant] alleges that prior to her son's death[,] he "charged [Appellant]" with the continued care of the dog.  [Appellant] alleges that during a period of her hospitalization[,] an unidentified "neighbor" gave the dog previously in [Appellant's] "care" to [the Oysters].  [Appellant] alleges that the "neighbor" was without authorization to act on her behalf and had in fact forged a power of [a]ttorney.  [Appellant] alleges [the Oysters] have refused to return the dog to

_____

* Former Justice specially assigned to the Superior Court.

[Appellant]. Accordingly, [Appellant] demands the immediate return of the dog.

Trial Court Opinion, 11/29/22, at 2.

The Oysters filed preliminary objections raising four counts: 1) failure to conform to rules of court; 2) insufficient specificity of pleading; 3) nonjoinder of a necessary party; and 4) demurrer. Preliminary Objections to Complaint, 10/12/21, at 1-4.

After hearing argument on the preliminary objections, the trial court entered an order overruling objections to the first, second and third counts, and sustaining the objection to the fourth count. The trial court also ordered Appellant to file an amended complaint. Order, 3/28/22.

Appellant filed an amended complaint on April 14, 2022. The Oysters filed preliminary objections to the amended complaint. The Oysters renewed their claims of nonjoinder of a necessary party and demurrer. Preliminary Objections to Amended Complaint, 6/8/22, at 1-2.

The trial court heard argument on the preliminary objections to the amended complaint on August 24, 2022. The trial court subsequently observed:

> [The Oysters] request that we dismiss the [amended c]omplaint, as [Appellant] has previously been granted leave to amend after [the Oysters' first] preliminary objections.
>
> In their first [claim], [the Oysters] assert [Appellant] has failed to join necessary parties, the Estate of William Gonzalez and the Estate of Guillermo O. Gonzalez. … [The Oysters] assert that Guillermo P. Gonzalez is an interested party in this action. Guillermo P. Gonzalez is the father of [Appellant's] son who died

- 2 -

intestate. Previously, [the Oysters] asserted that the Estate of William Gonzalez, the decedent having been the title owner of the dog at his time of death, must be added as a party. The [trial c]ourt was unable to determine whether the referenced Estate was a necessary party based on the initial [c]omplaint because [Appellant] did not plead the mechanism in which she obtained ownership of the dog. [Appellant] specifically pleads in the First Amended Complaint that her son [] was survived by [Appellant] (mother) and Guillermo P. Gonzalez (father) as beneficiaries. No estate was opened on behalf of son. [Appellant] alleges son's property passed to [Appellant] and Guillermo Gonzalez. Guillermo Gonzalez subsequently passed away. An Estate has been opened on behalf of Guillermo to handle his property. The Estate of William Gonzalez is a necessary party[,] as the deceased was the owner of the dog at the time of his death. The Estate of Guillermo Gonzalez[,] as an alleged owner of the subject property[,] is a necessary party. …

In their second [claim], [the Oysters] raise legal insufficiency of the complaint or demurrer. [The Oysters] correctly argue that in order to state a cause of action in replevin, a plaintiff must show title and right to immediate possession. *International Electronics Co. v. NST Metal Products Co.*, [88 A.2d 40, 42 (Pa. 1952)].

\*\*\*

[The Oysters] allege [Appellant]'s complaint fails to allege passage of title of the dog from [Appellant]'s son to [Appellant]. This [c]ourt has previously held "[Appellant] pleads no facts [] which establish[] she is or was the owner of the dog. [Appellant] does not establish through what legal mechanism the dog became her property in order for [the dog] to be subject to a replevin action."[1] An Estate was not opened on behalf of [Appellant]'s son. [Appellant] alleges ownership of son's property was shared between [her] and son's father. [Appellant] acknowledges a renunciation for father's estate may be necessary to establish [Appellant]'s ownership. …

Trial Court Opinion, 11/29/22, at 2-4 (footnote added).

_____

[1] The trial court does not provide a cite for the quote.

On November 29, 2022, the trial court issued an opinion and order sustaining the Oysters' preliminary objections and dismissing Appellant's amended complaint with prejudice. Appellant timely filed a notice of appeal. Appellant also filed a timely court-ordered concise statement of errors pursuant to Pa.R.A.P. 1925(b). In response, the trial court "refer[red] the Superior Court to [the trial court] Opinion and Order of November 29, 2022, for the factual background and reasons for the [trial court's] ruling." Opinion, 3/28/23.

Appellant presents the following questions for review:

1. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, when there existed genuine issues of fact and issues of law.

2. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, upon reaching an erroneous conclusion that [Appellant] has not plead ownership of the dog, only the dog being in her "care".

3. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, pursuant to the trial court's erroneous conclusion that "[Appellant] pleads no facts for which establishing she is or was the owner of the dog".

4. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, upon reaching an erroneous conclusion that "[Appellant] does not establish through what legal mechanism the dog became her property in order for such to be subject to replevin action".

5. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First

- 4 -

Amended Complaint, with prejudice, upon reaching an erroneous conclusion that "[Appellant] alleges ownership of son's property was shared between [Appellant] and son's father".

6. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, upon reaching an erroneous conclusion that "[Appellant] alleges son's property passed to [Appellant] and Guillermo Gonzalez".

7. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, based upon the trial court's erroneous conclusion that "The Estate of William Gonzalez is a necessary party as the deceased was the owner of the dog at the time of his death".

8. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, based upon the trial court's erroneous conclusion that "the Estate of William Gonzales is a necessary party. . . ."

9. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, upon reaching an erroneous conclusion that "The Estate of Guillermo Gonzalez as an alleged owner of the subject property is a necessary party".

10. Whether the trial court committed an error of law or an abuse of discretion when the [c]ourt dismissed [Appellant]'s First Amended Complaint, with prejudice, without affording [Appellant] the opportunity to amend the pleading to clarify the gifting and transfer of title of dog from William Gonzalez to [Appellant] prior to the demise of William Gonzalez.

Appellant's Brief at 5-7.

Appellant's issues are related and her arguments are repetitive. *See*

*id.* at 16-32. Accordingly, we address the issues together.

Appellant claims the trial court based the dismissal of her amended complaint "on erroneous conclusions."[2] Appellant's Brief at 13. According to Appellant, the trial court improperly sustained the preliminary objections because the preliminary objections were not "clear and free from doubt." *Id.* at 16, 19, 23, 25, 31 (citing *Milliner v. Enck*, 709 A.2d 417 (Pa. Super. 1998)).

Appellant specifically argues "it is not entirely clear from the averments … whether or not she actually completed a gift and legal transfer of ownership to her son." *Id.* at 19. She asserts it is unclear whether her son, "granted a life estate in [the dog] back to Appellant." *Id.* at 20. Appellant repeatedly relies on her averments that she purchased the dog for her son, and following her son's death, cared for the dog until she was hospitalized. *Id.* at 21, 23-25. Appellant also references her averments about intestacy laws. *Id.* at 26-32.

"In reviewing an order disposing of preliminary objections, our standard of review is well-settled. This Court reviews an order sustaining preliminary objections for an error of law and in so doing, must apply the same standard as the trial court." *Sayers v. Heritage Valley Med. Grp., Inc.*, 247 A.3d 1155, 1160–61 (Pa. Super. 2021) (citation omitted). We have explained:

---

[2] The Oysters did not file an appellate brief. Thus, this Court advised counsel that the Oysters were precluded from oral argument. Correspondence, 7/13/23.

Under that standard, the court accepts as true all well-pled material facts set forth in the complaint along with all reasonably deducible inferences from those facts. *Turner v. Medical Center, Beaver, PA, Inc.*, 454 Pa.Super. 645, 686 A.2d 830 (1996), *appeal denied*, 548 Pa. 673, 698 A.2d 596 (1997). Essentially, our inquiry assesses the legal sufficiency of the complaint. *Guistra Development Co., Inc. v. Lee*, 428 Pa.Super. 394, 631 A.2d 199 (1993). Surmise and conjecture can play no part in the decision. *Smith* [*v. Weaver,* 665 A.2d 1215, 1218 (Pa. Super. 1995)]. The court must be able to say with certainty that upon the facts averred, the law will not permit recovery. *Id.* Preliminary objections will be sustained only if they are clear and free of doubt. *Milliner v. Enck*, 709 A.2d 417 (Pa. Super. 1998).

Also, Pennsylvania law requires the court to consider the sufficiency of the cause of action alleged in a complaint before granting a party's preliminary objections. *Smith v. McDougall*, 365 Pa.Super. 157, 529 A.2d 20 (1987). Failure of the trial court to consider the sufficiency of the complaint before sustaining preliminary objections and dismissing the case without leave to amend is an abuse of discretion. *Id.* (citing *Harley Davidson Motor Co., Inc. v. Hartman*, 296 Pa.Super. 37, 442 A.2d 284 (1982)). …

*Schuylkill Navy v. Langbord*, 728 A.2d 964, 968 (Pa. Super. 1999).

Preliminary objections "may be filed by any party to any pleading" based on "legal insufficiency of a pleading (demurrer)," and "nonjoinder of a necessary party." Pa.R.C.P. 1028(a)(4) and (5).

DEMURRER

With respect to legal insufficiency and demurrer, this Court explained:

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be

considered to dispose of the legal issues presented by the demurrer." All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

*Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 208 (Pa. Super. 2012) (citations omitted). "Where it appears that the law will not permit recovery, the court may sustain preliminary objections in the nature of a demurrer." *Bayada Nurses, Inc. v. Com., Dep't of Lab. & Indus.*, 8 A.3d 866, 884 (Pa. 2010).

Appellant filed her complaint in replevin. Replevin is an action taken to regain possession of property. *Int'l. Electronics Co. v. N.S.T. Metal Prod. Co.*, 88 A.2d 40, 42 (Pa. 1952).

> To be successful in a replevin action, the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question. "Exclusive" right of possession means only a right which excludes the defendant. Thus, a plaintiff in a replevin action must show good title and right to possession as against the defendant, but is not required to set up such a title or right as against the whole world.
>
> The focus in a replevin actions is strictly limited to title and right of possession; all matters foreign to those limited issues are expressly excluded from consideration and are not available as defenses or counterclaims.

*Ford Motor Credit Co. v. Caiazzo*, 564 A.2d 931, 933 (Pa. Super. 1989) (citations omitted).

Here, the trial court concluded, "on the facts alleged by [Appellant,] she will be unable to recover in [] replevin. [Appellant] cannot show title or right to immediate possession of the dog." Trial Court Opinion, 11/29/22, at 4.

- 8 -

The trial court found Appellant did "not plead ownership of the dog, only the dog being in her 'care.'" *Id.* at 5.

In arguing preliminary objections, the Oysters' counsel asserted that Appellant did "not demonstrate[] title or ownership of the dog as required to sustain a replevin action." N.T., 8/24/22, at 6-7. Counsel claimed Appellant "only demonstrated … she was once in possession" of the dog. *Id.* at 6. Counsel added:

> Title is a thing that legally passes, and there has been no act which legally conveys title. And by [Appellant's] own admission in her complaint, this dog was in fact the property of her son. I was astonished that she did not plead that [the dog] was hers because she paid for it but she pleads that it was the property of her son.

*Id.* at 9.

The trial court then observed:

> I'm looking at the factual background [in Appellant's amended complaint], Paragraph 7. "[Appellant] purchased [the dog] as a gift to her son." There is a gift. That's a transfer of title. "Prior to William's demise, William charged [Appellant] with [the dog's] continued care." So in … the first paragraph … [Appellant] purchased [the dog]. She got title. Paragraph 7, she gifted [the dog] to her son, transferred title to her son.

> Nowhere in [the] pleading does it say title was ever transferred back to [Appellant]. It says she was charged with the care of the dog, indicating that her son retained title to the dog. Words are important.

*Id.* at 10.

Consistent with the above comments, the trial court concluded, "the material facts set forth in [Appellant's] amended complaint, even if admitted as true, as well as all inferences reasonably deducible therefrom, cannot

- 9 -

sustain [Appellant's] burden to plead facts legally sufficient to recover in replevin." Trial Court Opinion, 11/29/22, at 4-5. The record supports the trial court's conclusion.

Appellant averred that she purchased the dog "around October 4th, 2017 … as a gift to her son, William Gonzalez." Amended Complaint, 4/14/22, ¶¶ 4, 7. Appellant averred that prior to her son's death, he "charged" Appellant with the dog's "continued care." *Id.* ¶ 8. William Gonzalez died intestate on January 15, 2018, and "an estate was not opened." *Id.* ¶¶ 9, 11. Appellant cared for the dog until Appellant was hospitalized on February 11, 2019. *Id.* ¶¶ 20, 21. In sum, Appellant failed to demonstrate her title and "exclusive right of immediate possession" of the dog. *Ford Motor Credit Co.*, 564 A.2d at 933.

<u>NONJOINDER OF A NECESSARY PARTY</u>

Regarding Appellant's failure to a join a necessary party, the trial court recognized "a necessary party is one whose presence, while not indispensable, is essential if the court is to resolve completely a controversy and to render complete relief." Trial Court Opinion, 11/29/22, at 3; *see also Shannon Invs., L.P. v. Joyce Outdoor Advert. Wallscapes, LLC*, 258 A.3d 479, 481 n.1 (Pa. Super. 2021) (citation omitted).

It is undisputed that Appellant's son, William Gonzalez, died intestate and no estate "was opened on behalf of son." *See* Trial Court Opinion, 11/29/22, at 3. Appellant averred that her son's estate passed to her and her

- 10 -

son's father, Guillermo Gonzalez, under the laws of intestacy; she also averred that Guillermo Gonzalez died around October 10, 2018, "leaving ownership rights to all property owned by William at the time of his passing" to Appellant. Amended Complaint ¶¶ 14, 15, 16. Appellant further averred that Guillermo Gonzalez died testate and Jeffrey Gonzalez is the executor of the estate. *Id.* ¶ 17. According to Appellant, Jeffrey Gonzalez, "in his capacity as executor of the estate of Guillermo Gonzalez, has verbally renounced any ownership interest or rights in the personal property owned by William pursuant to William's death on January 15, 2018." *Id.* ¶ 18. Appellant averred she was "in the process of obtaining a written renunciation." *Id.* ¶ 19. Notably, Pennsylvania law provides that a "person to whom an interest in property would have devolved by whatever means, including … a person entitled to take by intestacy, … may disclaim it in whole or in part **by a written disclaimer.**" 20 Pa.C.S.A. § 6201 (emphasis added).

The estates of William and Guillermo Gonzalez were necessary parties because they were "essential if the court [wa]s to resolve completely [the] controversy and to render complete relief." *Shannon Invs., L.P.*, 258 A.3d at 481 n.1. As the trial court explained, the estate of William Gonzalez "is a necessary party because the deceased was the owner of the dog at the time of his death." Trial Court Opinion, 11/29/22, at 3. The estate of Guillermo Gonzalez, "as an alleged [50%] owner of the [dog,] is a necessary party." *Id.*

Finally, Appellant claims the trial court erred and abused its discretion by not affording her another opportunity to amend her complaint. Appellant's Brief at 33-34. However, the trial court, in its discretion, accurately explained that while the right to amend pleadings "is to be construed liberally, it is not absolute." Trial Court Opinion, 11/29/22, at 5 (citing ***Junk v. E. End Fire Dep't***, 396 A.2d 1269, 1277 (Pa. Super. 1978)).

For the above reasons, we discern no error and affirm the trial court's order sustaining the Oysters' preliminary objections and dismissing Appellant's amended complaint with prejudice.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2023